**Paul C. MAGGIO et al., Plaintiffs,**

v.

**Charles J. HYNES, Deputy Attorney General of the State of New York, Defendant.**

**No. 76 C 2119.**

United States District Court, E. D. New York.

Dec. 10, 1976.

Hull, Block & Grundfast, Smithtown, N.Y., for plaintiffs.

Charles J. Hynes, Deputy Atty. Gen., Hauppauge, N.Y., David B. Zoffer, Sp. Asst. Atty. Gen., Hauppauge, N.Y., of counsel, for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

By motion argued December 3, 1976 plaintiff seeks to enjoin the Deputy Attorney General of the State of New York, Charles J. Hynes, from enforcing a subpoena duces tecum issued pursuant to N.Y. Executive Law § 63(8). Plaintiffs' motion for a preliminary injunction is denied.

▮ Defendant, the Special State Prosecutor for Nursing Homes, has attempted to obtain, by means of a subpoena duces tecum issued to the personal accountant of the plaintiffs, the joint tax returns filed by them for the year 1974. Plaintiffs seek a declaration that the subpoena is violative of their rights to privacy and to be free from compulsory self-incrimination, and that it contravenes the federally recognized privilege prohibiting the disclosure of tax returns. Moreover, plaintiffs by this instant motion make application for preliminary relief restraining the Special Prosecutor from seeking to enforce the subject subpoena and from issuing additional subpoenas seeking the production of plaintiffs' joint tax returns.

Relying primarily upon the dissent of Judge Chambers in *Heathman v. U. S. District Court,* 503 F.2d 1032 (C.A.9 1974), plaintiff urges that the Internal Revenue Code (IRC) §§ 6103 and 7213 proscribes disclosure of plaintiffs' tax returns to the Special Prosecutor. Plaintiff concedes, however, that the *Heathman* majority found that IRC sections 6103(a)(2) and 7213(a), which restrict the publicity of tax returns and the disclosure of information as to persons filing income tax returns, do not make copies of tax returns totally privileged, since the restriction applies only to the dissemination of tax returns by the government. 503 F.2d at 1035. Accepting this majority view, the copy of plaintiffs' tax return in the possession of their accountant is not privileged.

In joining with Judge Chambers' dissenting view, plaintiffs point to his discussion of *St. Regis Paper Co. v. United States,* 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961), which held that a similar restriction on government dissemination of census data did not apply to copies of census reports retained by the reporting party. Since "Congress quickly overruled the decision by amending § 9 to provide that copies of census reports retained by individuals are immune from legal process and inadmissible as evidence without the reporting party's consent," 503 F.2d at 1036, the dissent argues, the same policy of recognizing the adverse effect discovery may have on the Census Bureau's ability to gather complete and accurate data, should also be applied to the Internal Revenue Service's ability to gather complete and accurate tax returns.

The argument fails, however, since it was Congress and not the courts that determined the census data should be privileged. Similarly here, it is for Congress and not the courts to weigh the competing public considerations and to determine the national policy on discovery of copies of tax returns which are in the possession of private citizens. To date, Congress has not seen fit, as it did in *St. Regis*, to disturb the *Heathman* holding, nor does this court.

The *Heathman* decision is helpful as well in determining the constitutional claims of the plaintiffs since there, as here, the parties also argued

that the discovery of their copies of their tax returns violates their right of privacy and their right to be free from unreasonable search and seizures. * * * There is no merit in these constitutional claims. See *Couch v. United States*, 1973, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548, 503 F.2d at 1035.

Finally, in *Couch v. United States, supra,* the Supreme Court held that a taxpayer's fifth amendment privilege against self-incrimination does not bar production of records by one's accountant. See also *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Nor can the accountant himself claim a fifth amendment privilege for a copy of a document whose original he voluntarily prepared and forwarded to the Internal Revenue Service.

Accordingly, plaintiff has shown neither the probable success on the merits nor the serious, difficult questions going to the merits required for threshold consideration of preliminary relief, *see Gresham v. Chambers*, 501 F.2d 687 (C.A.2 1974); *Sonesta International Hotels Corp. v. Wellington Associates*, 483 F.2d 247 (C.A.2 1973). The motion for a preliminary injunction is therefore denied.

SO ORDERED.