**UNITED STATES of America, Appellee,**

v.

**Lester GENSER, Appellant in No. 76–2623.**

**Appeal of Lawrence FORMAN, in No. 76–2624.**

**Nos. 76–2623, 76–2624.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 13, 1979.

Decided July 16, 1979.

10. See n.6 *supra*.

Robert J. Del Tufo, U.S. Atty., Maryanne T. Desmond, Asst. U.S. Atty., Chief, Appeals Div., Newark, N.J., for appellee.

Irving R. Segal, James D. Fornari, Susan K. Herschel, Herbert S. Mednick, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellants; Zuckerman & Aronson, Newark, N.J., of counsel.

Before SEITZ, Chief Judge, and GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellants are now before this Court for the third time, challenging their convictions for income tax evasion. We initially remanded this case to the district court for an evidentiary hearing exploring their contention that summonses had been issued by the IRS, pursuant to 26 U.S.C. § 7602, "solely for a criminal purpose," and thus were invalid under *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). *United States v. Genser*, 582 F.2d 292 (3d Cir. 1978). Following that hearing the district court found by a preponderance of the evidence that all of the summonses that had been issued were valid because the IRS had been interested, throughout the course of its investigation, in pursuing civil tax liabilities owed by the appellants.

We determined that it was necessary to retain jurisdiction over this appeal and remand the case for further findings because the district court had "failed . . . to confront defendants' claim that the IRS, as an institution, had committed itself before December 12, 1975, to refer the case for prosecution and that summonses issued after that commitment served no civil purpose." *United States v. Genser*, 595 F.2d 146, 151 (3d Cir. 1979). We deemed the district court's finding that the IRS had maintained a continuing civil interest in the outcome of the investigation an inadequate

response to the appellants' contention because of our belief that *LaSalle* mandates that a court focus on the purpose of each individual summons. Noting that some of the summonses in this case had been issued after Frank Parisi, the IRS agent conducting the investigation, had substantially completed his work, and that "[i]nordinate and unexplained delays in the investigatory process are one factor that might lead a court to infer that an agent was acting at the behest of his superiors solely to pursue criminal aspects of the investigation," *id.* at 152, we remanded this case to the district court for additional findings.

After conducting an evidentiary hearing, at which Agent Parisi testified and was subjected to cross-examination, the district court entered its findings of fact. The court found, "by a preponderance of the evidence and more that each one of the questioned summonses in this case was issue[d] for a civil purpose," that there had been no "inordinate" or "extraordinary" delay in the IRS's investigation, and that two summonses that appellants introduced into evidence and about which Agent Parisi was questioned, had been "useful and indeed indispensable in computing the civil tax owed by the defendants." The court explicitly refused, however, to make a finding requested by the government that "no summons was issued after the IRS formed an institutional commitment to recommend prosecution." To the contrary, the court noted its belief "that from the first moment a representative of the Internal Revenue Service knows that a taxpayer has committed $10,000,000 worth [of tax evasion], they have a pretty good commitment to prosecute."

The appellants rely on the latter statement as support for the contention they now raise. Their present position is that, given an obvious institutional commitment on the part of the IRS to eventually recommend this case to the Justice Department for prosecution, the district court abused its discretion, and ignored the dictates of this court's opinion and that of the Supreme Court in *LaSalle*, by failing to hold a "meaningful" evidentiary hearing. Appellants contend that the hearing they were afforded on remand was less than meaningful because they were unable to cross-examine Parisi about contacts he had with Justice Department officials and his IRS superiors during his investigation and because they were denied production of a rough draft of Parisi's final report, of all summonses issued by Parisi after his initial contact with the Justice Department, and of the evidence obtained from those summonses.

■ The district court's statement about the Service's institutional commitment, standing alone, offers no support to the appellants' contention. It is not just an institutional commitment to recommend prosecution that renders a summons issued under § 7602 invalid; rather, it is the absence of a civil purpose for that summons that triggers the *LaSalle* rule. As the Supreme Court there stated: "We shall not countenance delay in submitting a recommendation to the Justice Department when there is an institutional commitment to make the referral *and the Service merely would like to gather additional evidence for the prosecution.*" 437 U.S. at 316–17, 98 S.Ct. at 2367 (emphasis supplied). Likewise, in remanding this case to the district court, we noted: "The district court failed, however, to confront defendants' claim that the IRS, as an institution, had committed itself before December 12, 1975, to refer the case for prosecution *and that summonses issued after that commitment served no civil purpose.*" 595 F.2d at 151 (emphasis supplied).

■ The burden placed on criminal defendants in appellants' position is a heavy one. They "bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service." *LaSalle, supra* at 316, 98 S.Ct. at 2367. During the course of most investigations where significant amounts of civil liability are involved the IRS agents conducting and reviewing the inquiry will recognize that a recommendation for criminal prosecution might eventually be forthcoming. Never-

theless, a valid summons still may be issued under § 7602 so long as the IRS uses that summons to pursue civil penalties and interest. As the Court stated in *LaSalle*: "For a fraud investigation to be solely criminal in nature would require an extraordinary departure from the normally inseparable goals of examining whether the basis exists for criminal charges and for the assessment of civil penalties." *Id.* at 314, 98 S.Ct. at 2366.

In our earlier opinion we recognized several indicators that could lead a reviewing court to infer that a given case may present such an "extraordinary departure" from those "normally inseparable goals." Where such indicators are present we stated that it may be necessary for the district court to scrutinize each suspect summons in order to satisfy itself of the existence of the requisite link between that summons and the IRS's preferred civil purpose. 595 F.2d at 151.

One such indicator, of course, would be evidence that the Justice Department influenced the conduct of an IRS investigation, and the appellants here contend that their inquiries into Agent Parisi's contacts with Justice Department officials were unduly limited by the district court. We have already affirmed a finding by the district court, however, that "specifically rejected defendants' contention that Agent Parisi was influenced in his investigation by the Department of Justice." *Id.* Thus the district court did not err in limiting the appellants' inquiry into this area after remand.

We identified the issuance of a summons after the date of an IRS agent's recommendation that a case be referred to the Justice Department for prosecution as a second indicator that might lead a court to infer that the summons was not designed to advance a legitimate civil purpose. *Id.* One such summons was issued in this case following the filing of Agent Parisi's final report recommending prosecution. The defendants have been given access to that summons, however, and the district court has satisfied itself that the evidence obtained from that summons advanced a civil purpose.

Recognizing the possibility that an IRS investigating agent might delay his formal recommendation that a case be referred for prosecution, and that summonses might be issued during that period of delay solely for a criminal purpose, we noted that summonses issued during periods of "inordinate and unexplained" delay in the investigation would also merit special attention. *Id.* at 152. Because Agent Parisi did not file his final report in this case until five months after his investigation was substantially completed, we asked the district court to focus its inquiry on the causes of that delay. Based on its evaluation of Parisi's testimony and the record developed earlier in this case, the district court found that there were no delays of any kind during the course of the IRS's investigation. The court stated:

> Indeed, I find, given what we usually see in these courts by way of processing of IRS civil investigations or criminal investigations, or civil and criminal investigations, there not only was no inordinate delay but by those terms the investigation proceeded very rapidly indeed.

Having so found, the district court was not obligated by the terms of our prior opinion to examine each summons, or the evidence derived therefrom, that was issued during the period between the substantial completion of Agent Parisi's investigation and the filing of his final report. Moreover, we conclude that the district court did not abuse its discretion in limiting appellants' cross-examination of Parisi, or in failing to grant appellants' request that Parisi's draft report, the 96 summonses issued after November, 1974, and the evidence derived therefrom, be produced.

■ We conclude that the district court's findings, based on Parisi's sworn testimony, that there were no inordinate or unexplained delays in the IRS's investigation and that each of the questioned summonses served a civil purpose, are not clearly erroneous. The appellants' request that this matter again be remanded to the district court for yet another evidentiary hearing will be denied.

We have previously determined that the other grounds raised by appellants in support of their contention that their convictions must be reversed are without merit. *See United States v. Genser,* 582 F.2d at 296–99. We now conclude that, with respect to each of the summonses issued during the IRS's investigation of this case, the appellants have failed to meet their heavy burden of "disprov[ing] the actual existence of a valid civil tax determination or collection purpose by the Service." *LaSalle, supra* at 316, 98 S.Ct. at 2367. The judgments of the district court will be affirmed.