**UNITED STATES of America and Allen Rawls, Special Agent of the Internal Revenue Service, Plaintiff,**

v.

**NORTH SIDE DEPOSIT BANK, Defendant,**

v.

**Howard A. HULL, a/k/a H. Arthur Hull, Intervenor.**

**Civ. A. No. 80–788.**

United States District Court, W. D. Pennsylvania.

Oct. 6, 1980.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa., S. Martin Teel, Jr., Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Richard H. Martin, Baskin & Sears, Pittsburgh, Pa., for intervenor.

## MEMORANDUM OPINION

TITELBAUM, District Judge.

This case presents a challenge to the enforcement of an Internal Revenue Service summons directed to a third party record keeper, defendant North Side Deposit Bank. Defendant–intervenor Howard Hull has asked the Court to stay enforcement of the summons and permit further discovery to elicit the information permitted under *U. S. v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978) and *U. S. v. Genser*, 595 F.2d 146 (3rd Cir. 1979) (*Genser II*). Relying on the testimony presented at the August 14, 1980 Show Cause hearing and the guidelines for summons enforcement outlined in *LaSalle, supra, Genser II, supra, U. S. v. Genser*, 602 F.2d 69 (3rd Cir. 1979) (per curiam) (*Genser III*), and *U. S. v. McCarthy*, 514 F.2d 368 (1975), this Court finds enforcement of the summons is appropriate and further discovery is unnecessary.

On January 29, 1980, the IRS issued a summons (Form 2039) in the matter of the tax liability of defendant–intervenor Howard A. Hull, directing defendant North Side Deposit Bank to appear before Special Agent Allen Rawls with records relating to Mr. Hull's financial transactions for the years 1974–79. When North Side Deposit Bank failed to comply, the office of the United States Attorney for the Western District of Pennsylvania filed a Complaint to Enforce Internal Revenue Summons, supported by Agent Rawls' affidavit. On June 17, 1980, this Court issued an Order to Show Cause why the Bank should not be compelled to obey the summons. At that time Hull intervened, filing a Response to the Petition to Enforce Summons, a Motion for Depositions and Discovery, or alternatively an Evidentiary Hearing or In Camera Inspection, and a Motion to Quash Summonses Directed to Third Parties. On August 14, 1980, this Court held a hearing at which time Agent Rawls testified in sup-

port of the Complaint to Enforce Summons. Through cross examination, Hull attempted to elicit testimony to support his challenges to the enforcement of the summons: these challenges are the subject of the present opinion.[1]

■ A brief review of the case law on this subject will serve to put this case in perspective. The leading case on guidelines for enforcement of such summons is *U. S. v. LaSalle, supra. LaSalle* requires that

1) the summons is issued prior to referral to the Justice Department for criminal prosecution,

2) the summons is issued in "good faith" as defined by *U. S. v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112:

   a) the investigation is for a legitimate purpose,

   b) the material sought is relevant to the legitimate purpose,

   c) the IRS doesn't already have the information, and

   d) the proper administrative steps have been followed.

3) the IRS has not abandoned pursuit of civil tax determination collection.

Hull's challenges are two fold: the abandonment of civil tax determination and the absence of "good faith" on the part of the IRS.

■ Primarily he opposes the summons on the ground that it was issued solely for purposes of a criminal investigation and is therefore unenforceable under *LaSalle, supra*. To support this view, he offers the testimony of Agent Rawls that Rawls is assigned to the Criminal Investigation Division of the IRS, that Intervenor Hull was the subject of a criminal investigation, and that documents in the case were marked with a special Control Code indicating the criminal nature of the investigation. Considered by itself, this allegation is insufficient—

. . . several cases have held that the mere fact that a special agent has entered into an investigation or that the investigation is being conducted by the investigative branch of the IRS is insufficient to demonstrate criminal purpose so as to defeat enforcement of a summons.

*U. S. v. McCarthy, supra* ; See also: *Donaldson v. U. S.*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1970); *Reisman v. Caplan*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), *U. S. v. Fisher*, 500 F.2d 683 (3rd Cir. 1974). Under the *Powell* guidelines, a summons may be issued only for the purpose of civil tax liability; once the investigation overlaps into the criminal area, the summons becomes suspect. In *LaSalle*, the Supreme Court established a cut off rule further clarified by *Genser II* : referral to the Justice Department precludes any further IRS summons; prior to such referral, however, summonses are presumptively valid at two levels. At the first level, the Agent having recommended prosecution to his superiors but not to the Justice Department, the burden on the taxpayer is "heavy". At the second level, before recommendation or referral to either, the burden on the taxpayer is "virtually insurmountable." *Genser II, supra*. In the present case, as Agent Rawls has not recommended referral to his superiors and there has been no referral to the Justice Department, Hull bears an "insurmountable burden of proof." He has not met the burden on this allegation alone.

Hull asserts a further indication of the abandonment by the IRS of any civil tax purpose in this investigation—the failure of the IRS to collect a judgment secured against him for the year 1977. The same allegation, however, was rejected by the Court in *McCarthy, supra* :

. . . a prior determination of defendant corporation's civil tax liability for the years in question might be evidence that the current investigation was not being conducted in good faith as a civil investigation. However, we find that defendant's allegations were not sufficient to

---

1. One argument advanced by Hull—that the enforcement should be stayed pending decision on a preliminary injunction on this same summons by the United States District Court for

the Southern District of Florida—has become moot. That action was dismissed without prejudice because of a procedural defect. .

raise the possibility of bad faith in this respect. In particular, there is no allegation that the IRS had pursued all available civil remedies with respect to each of the years currently under investigation, including civil penalties under 26 U.S.C. § 6651 et seq. (1970), which, if based on failure to file a return, filing of a fraudulent return, or on a willful attempt to evade tax could be assessed at any time, without limitation, under U.S.C. § 6501 (1970).

*McCarthy, supra* at 375.

Finally, he asserts a lack of "good faith" by contending the IRS has a policy of classifying taxpayers filing Fifth Amendment tax returns as "Tax Protestors" and selecting them for criminal investigation and possible prosecution. This policy, he concludes, coupled with the failure of the IRS to collect the 1977 Judgment, is a clear indication of a criminal investigation. While there may have been an overall civil purpose to the investigation, he contends this particular summons is for a criminal investigative purpose and therefore has not been issued in good faith. He cites *Genser II, supra*, at 151: "a general civil purpose could not ratify an otherwise illegal summons." To substantiate this argument he again asserts Agent Rawls' testimony establishing the involvement of the criminal investigation division of the IRS. However, as indicated by the Court in *McCarthy*, cited above, there is no allegation that the IRS has pursued all the available civil remedies nor would an automatic audit of Fifth Amendment tax protestors preclude the pursuit of civil remedies.

▋ Again, these allegations, standing alone, cannot overcome the insurmountable burden of proof required of a taxpayer to prevent enforcement of the summons. However, Hull argues that they raise sufficient suspicion to warrant further discovery and depositions and that his cross examination of Agent Rawls was too limited to sufficiently pursue these points. Any further development is precluded by the discovery guidelines set forth in *Genser (II), supra*.

Our reading of *LaSalle* suggests several guidelines for discovery. At a mini-mum, the taxpayer should be entitled to discover the identities of the investigating agents, the date the investigation began, the dates the agent or agents filed reports recommending prosecution, the date the district chief of the Intelligence Division or Criminal Investigation Division reviewed the recommendation, the date the Office of Regional Counsel referred the matter for prosecution, and the dates of all summonses issued under 26 U.S.C. § 7602. Furthermore, the taxpayer should be entitled to discover the nature of any contacts, relating to and during the investigation, between the investigating agents and officials of the Department of Justice.

Where this information or other evidence introduced by the taxpayer reveals (1) that the IRS issued summonses after the investigating agents recommended prosecution, (2) that inordinate and unexplained delays in the investigation transpired, or (3) that the investigating agents were in contact with the Department of Justice, the district court must allow the taxpayer to investigate further. In proper cases, this investigation could include the opportunity to examine the IRS agents or officials involved, or to discover documents. Such examination/discovery, however, should be carefully tailored to meet the purpose of the inquiry. On the other hand, where this information indicates that none of these three conditions are present, the district court need inquire no further.

*Genser II, supra* at 152.

According to defense counsel, this information has been provided to Mr. Hull, and no further discovery is warranted.

For the above reasons, further discovery is denied and the summons will be enforced. The foregoing shall constitute findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a).