Lee RICHARDS as Trustee for the Liquidation of MV Securities, Inc. a/k/a Multi–Vest Securities, Inc., Plaintiff,

v.

James R. STEPHENS, Barry Bell, Leo Risman and Morton Slapin, Defendants.

No. 86 Civ. 2150 (JES).

United States District Court, S.D. New York.

Jan. 13, 1988.

Gold, Farrell & Marks, New York City, for plaintiff; Raymond J. Heslin, Christine Lepera, Ellen Perle, of counsel.

Obermaier, Morvillo, Abramowitz & Iason, P.C., Kronish, Lieb, Weiner & Hellman, New York City, for defendant James R. Stephens; Lawrence Iason, Todd J. Krouner, Alan Levine, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

All defendants have moved for reconsideration of the Court's ruling directing that income tax returns be produced as reflected in the Court's Order dated November 18, 1987.[1] The principal argument made is that sections 6103 and 7213 of the Internal Revenue Code, 26 U.S.C. §§ 6103, 7213 (1982 and Supp. IV 1986), forbid the disclosure of defendants' tax returns, and that in any event, a sufficient showing has not been made to overcome defendants' rights of privacy in those returns. Both claims lack merit and must be rejected.

The argument that sections 6103 and 7213 preclude the Court's power to order tax returns produced pursuant to Fed.R. Civ.P. 26 borders on the frivolous. There is nothing in the statutes themselves or in their legislative history which remotely suggests that those sections were designed to regulate anything other than disclosure of tax returns by people having access to tax returns in their official capacity. Moreover, the cases decided since the enactment of these sections confirm that they do not foreclose discovery of a tax return pursuant to a court order directed to *the taxpayer*. *See United States v. Art Metal–U. S.A., Inc.*, 484 F.Supp. 884, 887 (D.N.J. 1980); *Maggio v. Hynes*, 423 F.Supp. 144, 146 (E.D.N.Y.1976); *cf. Stokwitz v. United States*, 831 F.2d 893, 896–97 (9th Cir.1987).

The arguments with respect to relevance are equally unpersuasive. In view of the nature of the allegations set forth in the complaint, which the Court has already found to be legally sufficient, and based upon the arguments made in open court on October 26, 1987 as well as in the plaintiff's papers, *see* Affidavit of Raymond J. Heslin ("Heslin Aff.") at 11–14, the Court has no difficulty in concluding that plaintiff has more than adequately shown that the information sought is relevant and not readily available without an examination of those returns. The motions for reconsideration are therefore, in all respects, denied.

It is SO ORDERED.

---

**1.** Plaintiff argues that all defendants other than Stephens have waived any objections to the production of their tax returns by failing to specifically raise any objections other than those based on the Fifth Amendment in their response to plaintiff's discovery requests. Indeed, it appears that one defendant has not responded at all to those requests. The Court agrees. Local Civil Rule 46(e)(1) provides:

> Where an objection is made to any interrogatory or sub-part thereof or to any document request under Fed.R.Civ.P. 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

In any event, the Court has concluded that Stephens' arguments, in which the other defendants have joined, are not persuasive. The Court therefore reaches the same conclusion with respect to the other defendants, quite aside from any consideration of waiver.