Bert S. **WILSON**

v.

Edward J. **RESNICK, M.D.**
**Civ. A. No. 70-977.**

United States District Court,
E. D. Pennsylvania.

Nov. 5, 1970.

Murray C. Goldman, Philadelphia, Pa., for plaintiff.

Joseph H. Foster, White & Williams, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

In this action against defendant doctor for negligently rendered medical treatment, plaintiff moves for production of documents. The parties exchanged medical documents in accord with Local Rule of Civil Procedure 8. Plaintiff now seeks production of reports submitted to defendant · by Dr. Blaker, a physician whom defendant has retained as an expert witness. Dr. Blaker did not personally examine plaintiff but based his conclusions on a review of all prior medical records in the case.

Pursuant to Federal Rule 26(b) (4) (A) as amended July 1, 1970, plaintiff served interrogatories on defendant, requesting that he state the identity of his expert witnesses, the subject matter on which they were expected to testify, the substance of the facts and opinions to which they were expected to testify and a summary of the grounds for each opinion. Defendant responded that Dr. Blaker was one of his expert witnesses; that he would testify on the question of whether plaintiff was treated in accordance with good, sound medical practice; that as to plaintiff's condition, it appears that reinnervation is occurring; that any residual complaint would be more annoying than anything else; that there is no functional disability; that the care and treatment by Dr. Resnick was in accordance with good, sound medical practice. Plaintiff contends that these answers are sketchy and conclusory and not in keeping with the letter and spirit of the Amended Federal Rules of Civil Procedure.

■■ We do not believe that under the facts of this case plaintiff is entitled to production of Dr. Blaker's reports. We believe that defendant has adequately informed plaintiff as to the nature and substance of Dr. Blaker's testimony. In addition, even were we to conclude that defendant's answers to plaintiff's interrogatories were insufficient, we do not believe that production of the report would be warranted. Amended Federal Rule 26(b) (4) provides that the *only* method by which a party may obtain discovery of facts known and opinions held by expert witnesses is service of interrogatories on the party retaining that expert. The Court may under Amended Rule 26(b) (4) (A) (ii) order further discovery by other means. However, to compel production of documents containing an expert's opinion on the mere allegation that answers to interrogatories were insufficient would defeat the entire procedure which Rule 26(b) (4) sets forth.

■ Finally, inasmuch as these reports are materials prepared in anticipation of litigation, any production of them would be subject to "a showing

that the party seeking discovery has substantial need of the materials in the preparation of his case. * * *" F.R. C.P. 26(b) (3). No such showing has been made in this instance. Accordingly, the motion must be denied.