**UNITED STATES of America,**
**Plaintiff,**

v.

**145.31 ACRES OF LAND, MORE OR LESS, Situate IN HUNTINGDON COUNTY, COMMONWEALTH OF PENNSYLVANIA,**

and

**Lee Richard Wallace and Margaret K. Wallace, his wife, et al., Defendants.**

**Civ. A. No. 69–467.**

United States District Court,
M. D. Pennsylvania.

March 23, 1972.

**360**

S. John Cottone, U. S. Atty., Scranton, Pa., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for plaintiff.

John P. Mason, Philadelphia, Pa., for defendants Lee Richard Wallace and Margaret K. Wallace, his wife.

## OPINION

MUIR, District Judge.

Defendants in this eminent domain action have moved for a new trial. For the reasons set forth below, this motion will be denied.

■■ Defendants assert that

"The Court erred in failing to require the plaintiff to answer defendants' interrogatory seeking the location of the Government's appraiser's reports and, at trial, in failing to require the production of such reports upon request thus depriving defendant of the potentially most useful tool in the cross-examination of the Government's appraiser."

Under Rule 34 of the Federal Rules of Civil Procedure, production of an expert's report prior to or during trial may be required as a matter of course only if the report is within the scope of Rule 26(b) unless the document is used to refresh the recollection of a witness, which was not done here. Rule 26(b) (4) provides in relevant portion for discovery of "the substance of the facts and opinions to which the expert is expected to testify and a *summary* of the grounds for each opinion." [emphasis supplied] It thus appears that a party is not entitled as a matter of course to an expert's report itself nor to be informed of its location. Although the Court has the power pursuant to Rule 26(b) (4) (A) (ii) to order discovery beyond these limits, the need for such discovery was not compelling here.

■ Defendants' second contention is in three parts.

(a) They argue that cross-examination of Mr. Bowers, the government's expert witness, as to the number and amounts of appraisals he made of Defendants' property should have been permitted. The Court is unable to find in the transcript of the trial any questions relating to the number of appraisals of the property involved in this action. However, there were questions, to which the objections were sustained, as to the value at which Mr. Bowers appraised this property about fifteen months prior to the date of the filing of the declaration of taking. It was and is the opinion of this Court that the extremely marginal relevancy of this valuation did not justify the collateral issues it would have introduced.

(b) Next, Defendants argue that cross-examination of Mr. Bowers with regard to the "nature, amount and basis for the 'factor' which the Government appraiser used when he revalued the property at or near the time of taking" should not have been curtailed. Mr. Bowers testified that by studying all of the sales in the condemned area from 1960 to 1969, he arrived at a general idea as to the trend of the increase in property values, and that he did not use a "specific factor" in revaluing the property at the time of taking. (3 N.T. 60, 64) Hence, the basis of this general factor was stated, and its nature and

amount were not capable of precise specification.

(c) Defendants' objection to the Court's refusal to permit cross-examination of Mr. Bowers as to the amounts at which he appraised the properties he used as comparables arose in the following situation. Mr. Bowers testified that one of the properties which he used as a "comparable" in arriving at his valuation of Defendants' property sold for $12,000 in 1965. Defendants asked Mr. Bowers what his appraised value of this property was. Following an objection, defense counsel stated as sidebar:

> "I want to find out how much he appraised it for and when . . . I want to be able to show if he takes a property that is worth $12,000 and he appraises it at $35,000 three years later, I want to know what effect that has upon his valuation of [Defendant] Wallace's property." (3 N.T. 103)

Again, it is my view that a response to this inquiry would have injected collateral issues distracting to the jury and unjustified by their minuscule probative value.

Defendants' third assertion is that a 1966 sale, which allegedly took place under the threat of condemnation, should not have been admitted as substantive evidence. The evidence in this case did not clearly establish that this 1966 sale took place under the threat of condemnation. It was therefore appropriate to allow this sale to be considered by the jury with an appropriate cautionary instruction (2 N.T. 83–85, 102). In United States v. 84.4 Acres of Land, etc., 348 F.2d 117, 119 (3d Cir., 1965), the Court held that:

> "If sufficient similarities existed between the condemned tract and the properties sought to be used as comparables, an appellate court will not overrule a trial court's use of its discretion in allowing the jury to determine for itself whether the described properties were in fact comparable to the condemned tract, and if found comparable, what weight should be given thereto."

In my view, the same discretion exists where it is uncertain whether a sale offered as comparable took place under the threat of condemnation.

Defendants contend that they should have been permitted to introduce evidence of the value of waterfront land at two lakes, Treasure Lake and Indian Lake, which were approximately one hundred miles from the condemned property because "the testimony was uncontradicted that those were the closest areas to the subject property with somewhat comparable frontage." These lakes were in an entirely different market area. In my view, there were enough sufficiently comparable properties in the immediate vicinity of the condemned property so that admission of the Treasure Lake and Indian Lake waterfront land values would have been an abuse of discretion.

Defendants maintain that the Court should have correlated its charge to the jury with references to the facts. Where, as here, there is no factual complexity, so that the jury may easily understand the importance of the facts adduced in light of the law as explained to them by the Court, it is neither necessary, nor in my view desirable, for the Court to correlate its jury charge with references to the facts. Choy v. Bouchelle, 436 F.2d 319, 325 (3d Cir.1970), cited by Defendants, does not govern the present case because the factual complexity there is absent here.

Defendants also aver that the Court erred "in failing to answer the jury's specific request for the amounts testified to by Defendants' appraiser." After deliberating for a short while, the jury requested that it be informed as to these amounts. At that time, neither the Defendants' appraiser nor the court reporter was available to provide this in-

formation. Defense counsel requested the Court to disclose to the jury the Court's notes of the appraiser's testimony. The Court refused because the jury had not requested the Court's version of the appraiser's testimony, and the Court was not positive of the accuracy of its notes.

Defendants' next contention, that the Court should have struck Mr. Bowers' testimony because his estimate of the fair market value of the property differed from the government's estimated just compensation, is without merit. The government is not bound by the estimated just compensation stated in the declaration of taking; this estimate is not even admissible evidence of the fair market value of the land. Evans v. United States, 326 F.2d 827, 829 (8th Cir. 1964); see United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943).

Because the government had disclosed to Defendants prior to trial only four comparable sales on which Mr. Bowers would rely, Defendants object that Mr. Bowers should not have been permitted to testify that he had considered other comparable sales in arriving at his valuation. In my view, Mr. Bowers was properly permitted so to testify because the government was not required automatically to disclose prior to trial all the comparable sales on which their expert witness would rely at trial, and there was no showing here of special circumstances compelling such disclosure.

Finally, the Court is of the opinion that Defendants' exceptions to its charge were properly overruled and that the verdict is supported by the weight of the evidence. The case was fairly tried and the interests of right and justice certainly do not require, in my view, a retrial.