**J. C. BREEDLOVE, Sr. and James C. Breedlove, Plaintiffs,**

v.

**BEECH AIRCRAFT CORPORATION, Defendant.**

**No. DC 70-33.**

United States District Court, N. D. Mississippi, Delta Division.

Nov. 29, 1972.

Charles C. Finch, Batesville, Miss., for plaintiffs.

Tom Davis, Austin, Tex., W. E. Suddath, Jr., Jackson, Miss., for defendant.

## MEMORANDUM OPINION

KEADY, Chief Judge.

Plaintiffs' motion is before the court seeking an order compelling discovery of documents under Rule 37(a), F.R. Civ.P.

The factual background of this case is that plaintiffs have pending a products liability case against Beech Aircraft Corporation (Beech) as a result of an aircraft crash occurring on July 28, 1968 in Yell County, Arkansas. On this occasion, the Beech Bonanza aircraft was allegedly piloted by plaintiff, J. C. Breedlove, Sr., and the other plaintiff, James C. Breedlove, who is a minor, was a passenger. The gravamen of the complaint is that the Beech-made aircraft was equipped with a defective electric propeller which was designed, manufactured and assembled by Beech, and at the time in question, the propeller and its component parts failed to function properly, forcing the pilot to make a crash landing and causing personal injuries to both occupants of the airplane.

Heretofore plaintiffs voluntarily delivered to Beech the propeller, hub assembly and component parts for its inspection, testing and analysis. A. H. Lippitt, an engineer in the employ of Beech, performed certain tests and analysis on the parts submitted, and thereafter incorporated his findings in a written report dated September 22, 1972, addressed to Beech's attorney. Beech had another of

its regular employees, Jack Whitley, an aeronautical engineer, make certain calculations which were submitted to Beech personnel. On August 25, 1972, Leo F. Sander, still another Beech employee, in reply to a communication from Beech's attorney, submitted a written report responsive to counsel's inquiry, in which he discussed various features and workings of the type of propeller involved in this lawsuit.

Plaintiffs scheduled discovery depositions at Wichita, Kansas, of Beech's employees Lippitt and Whitley, and during the course of these depositions sought to obtain copies of the Lippitt and Sander reports. The calculations performed by Whitley were produced by Beech; however, Beech objected to making the Sander and Lippitt reports available to plaintiffs' counsel. Beech has submitted to the court for an in camera inspection the Lippitt and Sander reports as well as initiating letters from trial counsel, upon the express condition that the attorney-client privilege is invoked as to all of the said materials and not waived to any portion.

Plaintiffs argue that Rules 34 and 26(b), F.R.Civ.P., authorize the discovery of any document in the possession of another party which is relevant to the subject matter of the action, whether admissible or not so long as the material appears reasonably calculated to lead to the discovery of admissible evidence. They argue that the reports made by Beech's expert employees after examining and testing the propeller and its components are relevant and constitute

evidence in themselves, and the court should require discovery since Sander and Lippitt, although experts, are regularly employed by Beech and have not been hired as independent experts for this particular case. Plaintiffs assert that they will be handicapped in cross-examining Beech's expert witnesses tendered at trial unless they have an advance opportunity to study the Lippitt and Sander reports.

■ Beech, stoutly denying these contentions, points to the limitations contained in Rule 26(b)(3) and (4) and say they are controlling upon the present motion. Since the reports of expert witnesses are involved we will first consider Rule 26(b)(4)(A).[1] While Beech has permitted plaintiffs to depose its employee-experts, we do not perceive that, upon timely objection made, as here, the scope of discovery to be elicited from an expert witness should be any greated by oral deposition of the witness than through interrogatories to a party, in the absence of an order allowing further discovery under (4)(A)(ii). Thus Beech did not waive the limitation on scope of discovery of experts by failing to insist upon plaintiffs' use of interrogatories. Accordingly, plaintiffs may either, through resumed deposition or interrogatories, whichever they prefer, cause Beech's witnesses, Sander, Lippitt and Whitley, in case Beech identifies them as experts which it expects to call as witnesses at trial, "to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which

---

1. "(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the ex-

pert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4) (C) of this rule, concerning fees and expenses as the court may deem appropriate."

the expert is expected to testify and a summary of the grounds for each opinion." The discovery of expert testimony is specifically limited to information of this type, and (4)(A)(i) does not envisage the production of written documents or reports on which expert opinions professedly rely. Plaintiffs have failed to show unique or exceptional circumstances making it equitable to require the production of expert reports at this stage of the controversy, and they have been unable to demonstrate that they cannot elicit the basis and scope of the expert opinions and supporting data of each such opinion by simply following the rule as set forth in (4)(A)(i).

■ We next consider the discoverability of the written reports under 26(b)(3) as materials prepared for trial. On the basis of its in camera inspection, the court finds that the documents in question were prepared in anticipation of litigation and were responsive to inquiries propounded by Beech's counsel. Thus the materials fully qualify as those covered by Rule 26(b)(3).[2] By that rule, documents are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Plaintiffs have made no showing whatsoever that they need the materials to prepare their case; the propeller and its component parts have been in their possession since the time of the crash; and plaintiffs either have, or had the opportunity to have, experts of their own selection make critical analysis and findings. Again, plaintiffs' counsel assert that they need the reports to cross-examine Beech's experts whom the defendant may place upon the stand, but there is no assertion that the plaintiffs need the materials to make out their own case in chief. Moreover, there has been no showing of any special circumstances demonstrating an undue hardship on plaintiffs for obtaining the substantive equivalent of the materials by other means. Because of these persuasive considerations, it is unnecessary for the court to reach the further qualifications contained in Rule 26(b)(3) that the court is to protect against disclosure of mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation. Nevertheless, we note that a considerable part, if not all, of the Sander report is directed to responding to questions raised by Beech's counsel in the course of preparing for the lawsuit. For that additional reason it would not be feasible or practicable to segregate any portion of the Sander report if it were otherwise discoverable.

Accordingly an order shall be entered denying plaintiffs' motion to compel discovery of the Lippitt and Sander documents.

---

2. "(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."