Barbra D. QUADRINI, as Executrix of
the Estate of Frank J. Quadrini, Jr.,
Deceased, et al.

v.

SIKORSKY AIRCRAFT DIVISION,
UNITED AIRCRAFT
CORPORATION.

Civ. No. B-74-81.

United States District Court,
D. Connecticut.

May 20, 1977.

See also D.C., 425 F.Supp. 81.

Kreindler & Kreindler, New York City,
Theodore I. Koskoff, Bridgeport, Conn., for
plaintiffs.

Shaun S. Sullivan, David A. Reif, William
H. Prout, Jr., Wiggin & Dana, New Haven,
Conn., for defendant.

## RULING ON DEFENDANT'S MOTION TO COMPEL PRODUCTION OF EXPERTS' REPORTS

NEWMAN, District Judge.

In this highly technical lawsuit involving a helicopter crash, both sides intend to rely extensively on expert testimony at trial. Previous discovery requests relating to experts have already been ruled upon, and pursuant to the Court's ruling the defendant will have the opportunity to take the depositions of certain of the plaintiffs' experts. In anticipation of those depositions, and with an eye toward effective cross-examination of the experts at the depositions and ultimately at trial, defendant has made the following request for production of experts' reports:

> All reports, memoranda, papers, notes, studies, graphs, charts, tabulations, analyses, summaries, data sheets, statistical or informational accumulations, data processing cards or worksheets, and computer generated documents, including drafts or preliminary revisions of any of the above, prepared in connection with this litigation by or under the direction or supervision of any witness whom you expect to call as an expert witness at the trial of this matter.

Plaintiffs take the position that under Rule 26(b) of the Federal Rules of Civil Procedure these reports are not discoverable unless plaintiffs intend to use them at trial or unless defendant makes a showing of substantial need and undue hardship.

Discovery from experts is governed by Rule 26(b)(4).[1] Because the experts involved in this motion will testify at trial, paragraph (b)(4)(A) rather than paragraph (b)(4)(B) applies. Subparagraph (b)(4)(A)(i) provides for the usual procedure of expert discovery through interrogatories, but subparagraph (b)(4)(A)(ii) allows the Court to order further discovery by other means subject to such restrictions as to scope and payment of fees and expenses as the Court deems appropriate. Defendant has already agreed to pay the reasonable fees of the experts to be deposed.

Though the usual application of (b)(4)(A)(ii) is in ordering a deposition of an expert, see, e. g., Herbst v. *International Telephone & Telegraph Corp.*, 65 F.R.D. 528 (D.Conn.1975), I see no reason not to apply the rule in the context of a Rule 34 document production request as well.[2] Expert testimony will undoubtedly be crucial to the resolution of the complex and technical factual disputes in this case, and effective cross-examination will be essential. Discovery of the reports of experts, including reports embodying preliminary conclusions, can guard against the possibility of a sanitized presentation at trial, purged of less favorable opinions expressed at an earlier date.

The motion to compel is granted.

---

1. Because of the specific provisions of Rule 26(b)(4) on experts, the more general provisions of subdivisions (b)(1) and (b)(3) do not control this issue. Rule 26(b)(3) specifically provides that it is subject to the provisions of subdivision (b)(4).

2. Discovery of an expert's report was compelled in *Almaguer v. Chicago, Rock Island & Pac. R. Co.*, 16 F.R.Serv.2d 587 (D.Neb.1972). *But see Breedlove v. Beech Aircraft Corp.*, 57 F.R.D. 202 (N.D.Miss.1972), and *Wilson v. Resnick*, 51 F.R.D. 510 (E.D.Pa.1970), denying similar motions.