SEA COLONY WEST PHASE I CONDO-
MINIUM ASSOCIATION,
INC., Plaintiff,

v.

SEA COLONY, INC., R. E. Ward, Inc.,
Sussex Electrical Construction Co., and
Carl M. Freeman Associates, Inc., De-
fendants.

Superior Court of Delaware,
Sussex County.

Submitted Aug. 12, 1981.

Decided Oct. 7, 1981.

B. Wilson, Redfearn, of Tybout, Red-
fearn, Casarino & Pell, Wilmington, for
defendant Sussex Elec. Const. Co.

William J. Cattie, III, Howard M. Berg,
and James F. Bailey, of Berg, Heckler &
Cattie, P.A., Wilmington, for defendants
Sea Colony, Inc. and Carl M. Freeman Asso-
ciates, Inc.

OPINION

TEASE, Judge.

Sea Colony, Inc. (Sea Colony) and Carl M.
Freeman Associates, Inc. (Freeman) have
moved to compel discovery of certain re-
ports prepared by an expert for co-defend-
ant Sussex Electrical Construction Compa-
ny (Sussex Electrical).

On March 3, 1977, a fire occurred at
Building 12 of the Sea Colony West Condo-
minium development. Plaintiff instituted
the present action on March 3, 1980. Prior
to this suit, an action had been filed by
some of the condominium unit owners for
damages and injuries resulting from the
fire. That action, filed in this Court as

*Mulvena v. Sea Colony*, C.A. No. 78C–JN6, was settled and a stipulation of dismissal was filed. In *Mulvena*, in which the defendants were identical to those in the present action, a letter supplement to the interrogatory answers of Sussex Electrical indicated that Mr. Paul Kaczmarczik, M.S. E.E. would provide expert testimony on its behalf.

During the course of discovery for the present action, Sussex Electrical answered interrogatories submitted to it by co-defendants Sea Colony and Freeman. In an answer it identified two reports prepared on its behalf by Mr. Kaczmarczik in anticipation of litigation in the *Mulvena* case. Sea Colony and Freeman filed a request for production pursuant to Superior Court Civil Rule 34 in which they sought discovery of the reports. Sussex Electrical objected to production on the basis of work product immunity. Thereafter, pursuant to Superior Court Civil Rule 37(a), defendants Sea Colony and Freeman filed the present motion to compel production of the expert's reports.

Superior Court Civil Rule 26(b)(3), which is identical to the Federal Rule, sets forth the work product doctrine. It requires a special showing of substantial need and an inability to obtain substantially equivalent material without undue hardship in order to allow the granting of discovery for those materials prepared by an attorney or his representative in anticipation of litigation or for trial. The parties have argued in their briefs for and against the proposition that the work product doctrine should be extended to cover the expert's reports which were prepared for the previous, terminated litigation. I believe that a discussion of the issue of whether the work product doctrine should be extended to protect from discovery documents prepared in anticipation of prior, terminated litigation is unnecessary and would be inappropriate under the facts of this case. The parties have failed to apply correctly the relevant provisions of Rule 34 and 26.

As to the request for production of the expert's reports pursuant to Rule 34, the amendment of both the Delaware and Federal Rules in 1970 removed the requirement that there must be a finding of "good cause" in order to permit discovery of documents and things. That requirement was eliminated because it furnished uncertain and erratic protection to the parties from whom production was sought. It was rendered unnecessary by virtue of the more specific provisions of Rule 26(b), also added in 1970, which relates to materials assembled in preparation for trial and to experts retained or consulted by parties. See *Advisory Committee Note*, 48 F.R.D. at p. 526. As the Advisory Committee stated elsewhere: "Apart from trial preparation, the fact that the materials sought are documentary does not in and of itself require a special showing beyond relevance and absence of privilege." Therefore trial preparation materials are discoverable if they meet the relevant special showing requirements set forth in Rule 26(b).

By its express provision, subdivision (b)(3) of Rule 26 is made subject to the provisions of subdivision (b)(4). That subdivision provides in pertinent part:

Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this Rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the Court may order further discovery by other means, subject to such restrictions as to scope and such provisions . . . concerning fees and expenses as the Court may deem appropriate.

Under Rule 26(b)(4) separate methods of discovery are provided for those experts expected to testify at trial and those who are not. Since Mr. Kaczmarczik is expected to testify in the present action, discovery of the two reports setting forth his knowledge and opinions is governed by Rule 26(b)(4)(A) set forth above. The primary purpose of this subsection is to permit the opposing party to prepare an effective cross-examination. See *Advisory Committee Note*, 48 F.R.D. at pp. 503–504. In the present case the information permitted to be discovered under subsection (b)(4)(A)(i) has already been received as a result of the discovery obtained for the prior, terminated litigation.

Further discovery may proceed only upon order of the Court. Rule 26(b)(4)(A)(ii). The Advisory Committee, in drafting the Federal Rule, was silent as to what standard of need, if any, is required in order to obtain further discovery. Several federal courts have done as the parties in the present action assume is required and applied the requirements set forth in subdivision (b)(3) of Rule 26 in order to determine whether further discovery should be granted. See *United States v. 145.31 Acres of Land*, 54 F.R.D. 359 (M.D.Pa.1972); *Breedlove v. Beech Aircraft Corp.*, 57 F.R.D. 202 (N.D.Miss.1972); and *Wilson v. Resnick*, 51 F.R.D. 510 (E.D.Pa.1970).

▮ It is my opinion that a careful reading of subdivisions (b)(3) and (b)(4) leads to the conclusion that the requirements for overcoming the qualified immunity from discovery provided by the work product doctrine in subdivision (b)(3) are not intended to be applied to discovery of experts' materials. Instead, under (b)(4)(A)(ii) further discovery of expert's knowledge and opinions is to be granted by the Court when appropriate; i.e., that further discovery should be granted where the party seeking discovery is not abusing the procedure and the information sought would prove helpful in providing for a full and fair adjudication.

Additional support is lent to this position by the fact that a specific standard of need is included in subsection (b)(4)(B) of Rule 26. That subsection provides for discovery of facts known or opinions held by experts not expected to testify at trial only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. It is, therefore, reasonable to assume that had a similar standard been intended under subsection (b)(4)(A)(ii) it would have been expressly included within that provision.

In *In re Peripheral EDP Devices Antitrust Litigation*, 77 F.R.D. 39 (N.D.Cal. 1977), the Court held that further discovery under Federal Rule 26(b)(4)(A)(ii) may extend to documents prepared by experts as well as depositions, although in that case the request for documents was held to be too broad. In discussing the application of subsection (b)(4)(A)(ii) the Court stated that its task in ruling on a motion for further discovery of an expert is to satisfy itself that the procedure is not being abused.

Another case supporting this Court's interpretation is *Quadrini v. Sikorsky Aircraft Division, United Aircraft Corp.*, 74 F.R.D. 594 (D.Conn.1977). In that action, which arose from a helicopter crash, both sides intended to rely extensively on expert testimony which would be crucial to the resolution of complex and technical factual disputes. The Court allowed the defendants to discover reports, memoranda, papers, graphs, data, and statistical accumulations of plaintiff's experts. In ruling on defendant's motion for production of the expert reports for use at the depositions and at trial, the Court stated:

> Though the usual application of (b)(4)(A)(ii) is ordering a deposition of an expert, I see no reason not to apply the rule in the context of a Rule 34 document production request as well. Expert testimony will undoubtedly be crucial to the resolution of the complex and technical factual disputes in this case, and effective cross-examination will be essential. Discovery of the reports of experts, including reports embodying preliminary conclusions, can guard against the possibility of a sanitized presentation at trial, purged of less favorable opinions expressed at an earlier date. *Id.* at 595.

██ I believe that the rationale set forth in *Quadrini* should control under the facts in the present case. Here, as in that case, the factual issues (as to the origin of the fire) are complex and it is likely that expert testimony will be crucial to the resolution of the issues. Discovery of the withheld reports is essential so as to enable full, fair and effective preparation and cross-examination of the expert. Therefore, since the request for production of the reports is both reasonable and justified, the motion to compel must be granted.

Turning to the contention of Sussex Electrical that granting the motion will unduly benefit Sea Colony and Freeman, the Advisory Committee's Explanatory Statement on Federal Rule 26 responds directly to this argument. It states:

Past judicial restrictions on discovery of an adversary's expert, particularly as to his opinions, reflect the fear that one side will benefit unduly from the other's better preparation. The procedure established in subsection (b)(4)(A) holds the risk to a minimum. Discovery is limited to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be. A party must as a practical matter prepare his own case in advance of that time, for he can hardly hope to build his case out of his opponent's experts.

Subsection (b)(4)(A) provides for discovery of an expert who is to testify at trial. A party can require one who intends to use the expert to state the substance of the testimony that the expert is expected to give. The court may order further discovery, and it has ample power to regulate its timing and scope and to prevent abuse. Ordinarily, the order for further discovery shall compensate the expert for his time, and may compensate the party who intends to use the expert for past expenses reasonably incurred in obtaining facts or opinions from the expert. These provisions are likely to discourage abusive practices. 48 F.R.D. at 504.

██ Finally, under Rule 26(b)(4)(C)(i), as made clear in the note above, the defendants Sea Colony and Freeman are required to pay the expert a reasonable fee for time spent, if any, in responding to discovery. Additionally, under subsection (ii) of (b)(4)(C), Sea Colony and Freeman may be required to pay to Sussex Electrical a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining the reports.

In summary, the discovery of experts' materials is governed by the provisions of Rule 26(b)(4) and not subdivision (b)(3). No standard of need required for obtaining further discovery is set forth in (b)(4)(A)(ii). Instead, further discovery, beyond that provided for in (b)(4)(A)(i), should be granted as long as the procedure is not being abused and the material sought would prove useful in providing for a full, fair and effective adjudication of the issues.

In the present case the two expert reports at issue are discoverable since they will enable clarification of the issues and more effective cross-examination. Therefore, the motion to compel their discovery is granted.