**Michael George HEITMANN, Plaintiff,**

v.

**CONCRETE PIPE MACHINERY a Debtor in Possession, Defendant.**

**No. 82–2008C(1).**

United States District Court, E.D. Missouri, E.D.

Aug. 12, 1983.

---

Elmer C. Oberhellmann, St. Louis, Mo., for plaintiff.

Ben Ely, Jr., Kortenhof & Ely, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this Court on the motion of plaintiff to compel production of a report of Fred Baggerman of Zurheide and Herrmann, Inc. Although defendant originally resisted production of the Baggerman report on the ground of work product, its current position is that the discoverability of this report is governed by the non-testifying expert provisions of Federal Rule of Civil Procedure 26(b)(4)(B). Defendant contends that the report is not discoverable because it was prepared for defendant in anticipation of litigation by an expert that it does not intend to call as a trial witness and because plaintiff has not shown "exceptional circumstances under which it is impracticable for [plaintiff] to obtain facts or opinions on the same subject by other means." Fed.R.Civ.P. 26(b)(4)(B).

Plaintiff, on the other hand, argues that the report is discoverable under two alternative theories. First, plaintiff argues that the report was not prepared in anticipation of litigation but for merely investigative purposes at the request of defendant's insurer. Therefore, plaintiff maintains that it is fully discoverable because it is not covered by Rule 26(b)(3) or (4) and because it falls within the purview of the general scope provision, Rule 26(b)(1). Plaintiff's other, alternative, theory of discovery is that, assuming the Baggerman report was prepared in anticipation of litigation, it is discoverable under Rule 26(b)(3) because Federal Rule of Evidence 705 creates a "substantial need" for the report. Fed.R. Civ.P. 26(b)(3). Federal Rule of Evidence 705 allows a testifying expert to give his opinion without disclosing the underlying factual basis of his opinion. In the instant case, Virgil Flanagan, an·expert whom defendant intends to call at trial, testified on deposition that he read the Baggerman report "as part of my input." Deposition of Virgil Flanagan at 12. Plaintiff contends that under these facts Federal Rule of Evidence 705 creates "substantial need", because Virgil Flanagan will be able to give his opinion without first disclosing the facts he relied upon, including the contents of the Baggerman report, and without the Baggerman report plaintiff will not be able to effectively cross-examine Flanagan.

Federal Rule of Civil Procedure 34 provides for the production of documents within the scope of discovery set out in Rule 26(b). Fed.R.Civ.P. 34(a). Rule 26(b)(1) is the general scope provision and allows discovery of any matter which is relevant and not privileged. Fed.R.Civ.P. 26(b)(1). Rules 26(b)(3) and 26(b)(4) apply to matter within the scope of Rule 26(b)(1) that was prepared in anticipation of trial. Rule 26(b)(3) is the attorney work product provision and Rule 26(b)(4) covers discovery of information concerning experts. Fed.R. Civ.P. 26(b)(3), (4). Rule 26(b)(3), which expressly states that it is "[s]ubject to the provisions of subdivision (b)(4)", allows discovery of facts contained in attorney work product upon a showing of "substantial need" and inability "to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). Rule 26(b)(4) allows discovery of "facts known and opinions held" by two kinds of experts consulted in preparation for trial: testifying experts and non-testifying experts. Under Rule 26(b)(4)(A) a party can obtain discovery about testifying experts through interrogatories, Fed.R.Civ.P. 26(b)(4)(A)(i), and "[u]pon motion, the court may order

further discovery by other means." *Fed.R. Civ.P.* 26(b)(4)(A)(ii). Under Rule 26(b)(4)(B), a party can obtain discovery about non-testifying experts only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. *Fed.R. Civ.P.* 26(b)(4)(B).

The report in issue in this motion is that of a non-testifying expert which was read, and allegedly relied upon, by a testifying expert. The parties are in dispute as to whether the Baggerman report was prepared in anticipation of litigation, but there is no argument that the Flanagan report was not prepared for trial. Although the parties have failed to adequately support their contentions concerning the reason the Baggerman report was prepared, this Court is of the opinion that it can give plaintiff the relief he requests even if it assumes that the Baggerman report was obtained for preparation of defendant's defense.

First of all, assuming that the Baggerman report was prepared in anticipation of litigation, plaintiff's arguments concerning work product are misplaced. The Baggerman report is the report of an expert consulted as an expert. Rule 26(b)(4) expressly covers discovery of expert material obtained in preparation for trial and the work product rule, Rule 26(b)(3), is "subject to" Rule 26(b)(4). *Fed.R.Civ.P.* 26(b)(3), (4). Moreover, the "Notes of Advisory Committee On Rules" make it clear that in adopting Rule 26(b)(4) the drafters "reject[ed] as ill-considered the decisions which have sought to bring expert information within the work-product doctrine." *Fed.R.Civ.P.* 26(b)(4) advisory committee note to 1970 amendment. *See In re IBM Peripheral EDP Devices Antitrust Litigation,* 77 F.R.D. 39, 41 (N.D.Cal.1977); *also Quadrini v. Sikorsky Aircraft Division, United Aircraft Corp.,* 74 F.R.D. 594, 595 n. 1 (D.Conn. 1977). Thus, the authority for an order compelling production of the report of an expert must be found, if at all, in Rule 26(b)(4).

Defendant maintains that this report falls squarely within Rule 26(b)(4)(B), the non-testifying expert provision, and is not discoverable because plaintiff has not shown "exceptional circumstances under which it is impracticable for [plaintiff] to obtain facts or opinions on the same subject by other means." *Fed.R.Civ.P.* 26(b)(4)(B). This would be true but for the fact that the Baggerman report was given to Flanagan, read by him and considered by him in making his own report. This Court is convinced that Flanagan's deposition statements establish that he relied upon the Baggerman report in forming his own opinion and it thereby became a part of the basis for his opinion.

Because the Baggerman report became a part of the basis for Flanagan's opinion and because Flanagan is a testifying expert, this Court has authority and discretion to order the production of the Baggerman report under Rule 26(b)(4)(A)(ii). Professors Wright, Miller and Elliott state that "[a]lthough the usual application of Rule 26(b)(4)(A)(ii) is in ordering a deposition of an expert, the court may order *production of documents* under that subdivision of the rule." 8 Wright, Miller & Elliott, *Federal Practice and Procedure: Civil* § 2031, Suppl. at 92 (1982) (emphasis added).

Although no case has been brought to the attention of this Court which involves a request for the production of a non-testifying expert's report that was relied upon by a testifying expert, two recent cases have approved of the production of a testifying expert's report, and documents that he relied upon in reaching his opinion, under the authority of Rule 26(b)(4)(A)(ii). *In re IBM Peripheral EDP Devices Antitrust Litigation,* 77 F.R.D. 39 (N.D.Cal.1977); *Quadrini v. Sikorsky Aircraft Division, United Aircraft Corp.,* 74 F.R.D. 594 (D.Conn.1977). *Contra Breedlove v. Beech Aircraft Corp.,* 57 F.R.D. 202, 205 (N.D.Miss.1972). In *Quadrini,* the court granted production of testifying experts' reports under Rule 26(b)(4)(A)(ii) and stated:

> Expert testimony will undoubtedly be crucial to the resolution of the complex

and technical factual disputes in this case, and *effective cross-examination* will be essential.

74 F.R.D. at 595 (emphasis added). The *IBM* court, while disallowing the request for production of experts' documents on the ground of overbroadness, approved of the *Quadrini* ruling in dicta and viewed the need for effective cross-examination of experts as an adequate ground for invoking its discretion under Rule 26(b)(4)(A)(ii). The *IBM* court stated:

> The court's task in ruling on a motion for further discovery of an expert is ... to satisfy itself that the procedure is not being abused.

77 F.R.D. at 41.

This Court is of the opinion that the *Quadrini* and *IBM* cases correctly read Rule 26(b)(4)(A)(ii) as allowing production of testifying experts' documents where such documents are needed for effective cross-examination. That the drafters of Rule 26(b)(4) were concerned with the effectiveness of cross-examination of expert witnesses is evident from the "Notes of Advisory Committee On Rules." *See Fed.R. Civ.P.* 26(b)(4) advisory committee note to 1970 amendments. This reading of Rule 26(b)(4)(A)(ii) is also justified by the predicament that Federal Rule of Evidence 705 places a cross-examiner in.

In the present case, this Court is satisfied that the Baggerman report is necessary to effective cross-examination by plaintiff of Flanagan, due to Flanagan's testimony that the Baggerman report was part of his input. Moreover, it does not appear that plaintiff is abusing this procedure.

In addition, this Court is not troubled by the fact that the Baggerman report is the report of a non-testifying expert and would otherwise have to meet the high standard of Rule 26(b)(4)(B) to be discoverable. Defendant took the Baggerman report out of the coverage of Rule 26(b)(4)(B) when it voluntarily transmitted it to Flanagan and Flanagan relied upon it in reaching his own conclusions. Defendant is not prejudiced by production of this report because it could easily have prevented its discovery by not transmitting it to Flanagan. Therefore, defendant is ordered to produce the Baggerman report.

Rule 26(b)(4)(C)(ii) provides, however, that when the court orders discovery under Rule 26(b)(4)(A)(ii) "the court may require ... the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert." *Fed.R.Civ.P.* 26(b)(4)(C)(ii). In the case at bar, this Court finds that a "fair portion" of the expenses incurred by defendant in obtaining the Baggerman report is one-third (⅓). A lesser amount is inappropriate because by production of the Baggerman report plaintiff will receive the benefit of an expert's report and a larger amount is inappropriate because plaintiff's need for the report was created by defendant's conduct in giving it to Flanagan. Therefore, plaintiff is ordered to pay one-third (⅓) of defendant's expenses in connection with the Baggerman report.

Finally, plaintiff's request that defendant be required to pay plaintiff's expenses of $500.00 in connection with this motion, under Rule 37(a)(4), is denied because this Court finds that defendant's "opposition to the motion was substantially justified." *Fed.R.Civ.P.* 37(a)(4). The particular question raised by the motion is one of first impression in this district and this circuit. Moreover, there is no evidence that defendant acted in bad faith.

Accordingly, plaintiff's motion to compel production of the Baggerman report is granted; plaintiff's request that defendant be required to pay plaintiff's expenses is denied; and plaintiff is ordered to pay defendant one-third (⅓) of defendant's costs incurred in obtaining the Baggerman report.