Carl BAISE, et al., Plaintiffs,

v.

ALEWEL'S, INC., et al., Defendants.

No. 81–0359–CV–W–8.

United States District Court,
W.D. Missouri,
W.D.

Aug. 31, 1983.

Joseph W. Amick, Ponick, Amick & Allen, Kansas City, Mo., for plaintiffs.

R. Lawrence Ward, G. Stephen Long, Shughart, Thomson & Kilroy, P.C., Kansas City, Mo., for defendant Alewel's.

Laurence R. Tucker, Morris, Larson, King, Stamper & Bold, Kansas City, Mo., for defendant Teepak.

## ORDER

STEVENS, District Judge.

Plaintiffs brought this action to recover for injuries allegedly suffered after plaintiff Carl Baise consumed part of a package of summer sausage manufactured by defendant Alewel's, Inc. Presently before the court is a discovery dispute. Alewel's has filed a motion to determine the sufficiency of plaintiffs' objections to Alewel's requests for admission and a motion to compel discovery from plaintiffs pursuant to Alewel's request for production of documents and second interrogatories. Plaintiffs have responded to the motions.

The requests for admission explore plaintiffs' knowledge of other cases, if any, involving similar facts and circumstances. Plaintiffs are also asked to admit or deny whether they are aware of any literature suggesting artificial casing is hazardous if ingested and whether all existing literature suggests artificial casing, although not palatable, is not harmful. To the extent plaintiffs' response to these requests is other than an unqualified admission, the second interrogatories seek the facts upon which the refusals to admit are based.

▮ Plaintiffs argue the information sought is work product protected under Fed.R.Civ.P. 26(b)(3). This objection is not well taken, for as Alewel's correctly suggests, Rule 26(b)(3) only protects "documents and tangible things." *See Feldman v. Pioneer Petroleum, Inc.,* 87 F.R.D. 86, 88–89 (W.D.Okl.1980).

> The courts have consistently held that the work product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.

8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2023 at 194 (1970). In their argument to the contrary, plaintiffs rely solely on *O'Brien v. Equitable Life*

*Assurance Society,* 13 F.R.D. 475 (W.D.Mo. 1953), *aff'd,* 212 F.2d 383 (8th Cir.), *cert. denied,* 384 U.S. 835 (1954), which is not persuasive for several reasons. First, the opinion itself is notably devoid of any citation to authority. Second, the case was decided more than fifteen years before Rule 26(b)(3) was added in 1970. *See* C. Wright & A. Miller, *supra,* § 2023 at 193 ("pre-1970 cases must be resorted to with discrimination and care"). Finally, in *Edgar v. Finley,* 312 F.2d 533, 534 (8th Cir.1963), the Eighth Circuit reversed a trial court which had sustained objections to interrogatories in reliance on *O'Brien. See also B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co.,* 24 F.R.D. 1, 6 (S.D.Tex.1959) (questioning *O'Brien*).

Although *O'Brien* has been discredited, plaintiffs do have a legitimate objection insofar as Request for Admission No. 5 is not limited to matters within the knowledge of plaintiffs and their agents. On the other hand, Request No. 4 does contain such a limitation. Accordingly, a similar restriction will be placed on Request No. 5 by inserting the following underlined passage:

> 5. The only literature in existence relating to the edibility of artificial casing, which is available to the public or meat processors, *and of which any expert, attorney or other person representing plaintiffs is aware,* indicates that artificial fibrous casing is not palatable but would not be expected to be harmful if ingested.

In all other respects, plaintiffs' objections to Alewel's requests for admission and second interrogatories are overruled.

Alewel's motion to compel discovery pursuant to its request for production of documents is aimed for the most part at securing information about the opinions held by plaintiffs' expert, Frederick Carmichael, in addition to that obtained by deposition.

■ Request No. 1 seeks correspondence from plaintiffs' counsel to Carmichael. Alewel's argues that Carmichael's opinion is based on information contained in the cor-

respondence and that it is entitled to discover the factual basis for his opinion. Certainly Alewel's is entitled to the expert discovery permitted under Rule 26(b)(4), but not at the price of invading the work product of counsel. Alewel's reliance on *United States v. International Business Machines Corp.,* 72 F.R.D. 78, 81 (S.D.N.Y. 1976), is misplaced. Although the court there stated that "documents which contain information transmitted by plaintiff to the experts" were "beyond the scope of the Rule 26(b)(4)(A) protection," there is no indication that the "documents" to which the court referred might have otherwise qualified for protection as work product under Rule 26(b)(3), as is the case here. In other words, items which are not work product gain no special protected status merely because they are sent to an expert,[1] but conversely, attorney work product does not lose its special status merely because it is transmitted to an expert. *See Virginia Electric & Power Co. v. Sun Shipbuilding & Dry Dock Co.,* 68 F.R.D. 397, 410 (E.D.Va.1975) ("Even though not immune because of the attorney-client privilege, the work product immunity, or the expert opinion restrictions, a document may nevertheless be limited in its susceptibility to a request for production by the 'trial preparation material' provision of Rule 26(b)(3)."). *Cf.* 8 C. Wright & A. Miller, *supra,* § 2024 at 210 ("disclosure of a document to third persons does not waive the work product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information").

■ Since the material sought by Alewel's under Request No. 1 is work product, it bears the burden of showing "substantial need" and "undue hardship" under Rule 26(b)(3). *Feldman,* 87 F.R.D. at 88–89. No such showing has been made here. During his deposition, Carmichael summarized the factual substance of the conversation he had with plaintiffs' counsel, which was later memorialized in a letter. *Carmichael Depo-*

---

1. As construed by this court, *United States v. International Business Machines Corp.* stands

for this proposition.

*sition* at 10–12. The court is not convinced that disclosure of the correspondence would reveal any information not already known to Alewel's and to which it is otherwise entitled.

■ Request No. 2 seeks the contents of Carmichael's file on this case. The request is overly broad since the file obviously would contain work product such as the correspondence just discussed; however, the request is proper to the extent that the file contains items such as depositions, hospital records, etc. Plaintiffs suggest that Alewel's already has such documents in its possession, and that may well be true although Alewel's takes a contrary position.

The court expects the parties to confer on this matter, and any documents in Carmichael's file which are not work product shall be produced. If the parties are unable to agree on what items should be produced, the court will entertain a motion by Alewel's for *in camera* inspection of the file.

■ Request No. 3 seeks Carmichael's written report to plaintiffs' counsel concerning his opinions on the case. Production of this report is governed by Rule 26(b)(4)(A)(ii). Alewel's relies on *Quadrini v. Sikorsky Aircraft Division,* 74 F.R.D. 594 (D.Conn.1977), arguing that production of Carmichael's report is essential to effective cross-examination and will "guard against the possibility of a sanitized presentation at trial, purged of less favorable opinions expressed at an earlier date." *Id.* at 595. Plaintiffs object that Carmichael's opinion is privileged or is work product, but those objections are not technically correct. C. Wright & A. Miller, *supra,* § 2029 at 243–44. *See also Quadrini,* 74 F.R.D. at 595 n. 1. Nevertheless, the discovery sought here, if it is to be had at all, must be restricted in accord with Rule 26(b)(4). *Id.*

At present the court is not prepared to require production of the Carmichael report. In the first place, it is doubtful that Alewel's has established any genuine need for the report. Although Alewel's desire for searching cross-examination is understandable, that objective should be obtain-

able once Alewel's is fully apprised of the factual and scholarly basis for Carmichael's opinion, and the other discovery ordered today should serve that purpose. Should Alewel's again raise this issue, the court might order production but only after fashioning appropriate safeguards. For instance, Alewel's would probably be ordered to disclose any similar reports it has received from any expert it has retained. An order requiring the payment of fees under Rule 26(b)(4)(C) might also be appropriate. Plaintiffs would, of course, be able to suggest other appropriate limitations on any such production.

■ Request No. 5 seeks production of the sample of Alewel's product and label sent to Carmichael. Plaintiffs claim these items have been made available to Alewel's, but Alewel's disagrees. Obviously, the items should be produced.

■ Request No. 7 seeks production of an itemized list of books upon which Carmichael's opinion is based. During his deposition, Carmichael referred generally to books which supported his opinion, but in most instances he could not name them; however, he indicated he could provide a list of books. *Carmichael Deposition* at 41. Plaintiffs now object to production of such a list on the basis of work product and because it would require Carmichael to conduct research on behalf of Alewel's.

Under Rule 26(b)(4)(A)(i) a party is entitled to a "summary of the grounds for each opinion" held by the opponent's expert. Although it is true that the rule contemplates such discovery via interrogatories, the request for production at issue here is in essence an interrogatory. Carmichael has already formed his opinions, thus it should not require any undue effort to compile a list of those books upon which he relied. Since Alewel's is entitled to this information as a matter of right under Rule 26(b)(4)(A)(i), an order requiring Alewel's to pay Carmichael for the time spent in compiling the list would not be appropriate. *See* Rule 26(b)(4)(C).

Request No. 10 seeks production of "textbooks or other materials to which Mr. Carmichael referred at page seventeen of his deposition wherein certain casings are described as not edible but not harmful." This request differs from Request No. 7 in that production of the actual source materials is sought; however, the information is once again requested because Carmichael could not name the book or other authority during his deposition. As with Request No. 7, specific identification of the material, including page references, will be a sufficient response to Request No. 10; the textbooks and other materials themselves need not be produced.

Finally, Request No. 11 seeks production of plaintiffs' tax returns from 1975 to the present. Plaintiffs merely responded that they would authorize disclosure of the returns if Alewel's provided the proper forms for them to complete. The court finds this a wholly inadequate, irresponsible, and evasive response. The motion to compel will be granted.

For the reasons stated, it is

ORDERED that Alewel's Motion to Determine Sufficiency of Plaintiffs' Objections is granted. Plaintiffs shall respond to Alewel's Requests for Admission within thirty days. It is further

ORDERED that Alewel's Motion to Compel Discovery is granted in part. Plaintiffs shall answer Alewel's Second Interrogatories numbered 2, 3, 4, and 5 within thirty days. Plaintiffs shall produce documents and other things in response to Alewel's Request for Production of Documents numbered 2, 5, 7, 10, and 11, to the extent herein ordered, within thirty days.

