**DELCASTOR, INC., a Liberian corporation, Plaintiff,**

v.

**VAIL ASSOCIATES, INC., a Colorado corporation, and Woodward-Clyde Consultants, a Nevada corporation, Defendants,**

**and**

**REPHIDIM CORPORATION NV, a Netherlands-Antilles corporation, Plaintiff,**

v.

**VAIL ASSOCIATES, a Colorado corporation; Arrowhead at Vail, a joint venture; and Woodward-Clyde Consultants, a Nevada corporation, Defendants.**

**Civ. Nos. 84–K–1819 consolidated with 85–K–624.**

United States District Court, D. Colorado.

Dec. 9, 1985.

William J. McCarren, Longmont, Colo., Cogswell & Wehrle, Denver, Colo., for Delcastor, Inc.

Timothy J. Flanagan, Charles Carpenter, Kelly, Stansfield & O'Donnell, Denver, Colo., for Rephidim.

Stephen K. Gerdes, John M. Lebsack, White & Steele, Denver, Colo., for Vail Associates.

Melvin B. Sabey, Saunders, Snyder, Ross & Diskson, Denver, Colo., Paul J. Sanner, Bronson, Bronson & McKinnon, San Francisco, Cal., for Woodward.

## MEMORANDUM OPINION
## AND ORDER

KANE, District Judge.

In this diversity action, Plaintiff Rephidim asks me to reconsider, pursuant to Local Rule 602(c), Magistrate Clifton's denial of its Federal Rule of Civil Procedure 37 motion to compel discovery. For the reasons set forth below, Rephidim's motion to compel discovery is granted.

On May 16, 1984 a mudslide occurred near Vail, Colorado. The following morning, engineering consultant Dr. Nicholas Lampiris investigated the mudslide at the behest of the defendant Vail. On July 13, 1984 Dr. Lampiris produced a report containing his observation of the scarp and certain drainage ditches in the area. This report also contains Dr. Lampiris's opinions as to the slide's cause. Rephidim seeks to discover this report and to depose Dr. Lampiris as to its contents.

■ Fed.R.Civ.P. 26(b)(4)[1] sets forth the conditions upon which facts known and opinions held by an expert, such as Dr. Lampiris, may be discovered. The federal rules basically divide experts into those who will testify at trial, 26(b)(4)(A), and those who, though retained in anticipation of litigation, will not testify at trial, 26(b)(4)(B). The substance of the facts and opinions, (and the grounds for the opinions), to which an expert is expected to testify are necessarily discoverable. The facts and opinions of non-testifying experts are discoverable only upon a showing of exceptional circumstances.

Defendant Vail is going to call Dr. Lampiris as a witness, but only with respect to his observations of the mudslide terrain and proximate drainage ditches following the morning of the slide. Vail has offered these facts for discovery. Dr. Lampiris will not testify as to his opinion regarding the cause of the slide which is contained in his July 13 report.

The threshold issue is whether, for the purpose for which Rephidim seeks to discover this report, Dr. Lampiris falls within the category of experts expected to testify at trial, (A), or that of experts not testifying, (B).

1. Federal Rule of Civil Procedure 26 states as follows:

    (4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

    (A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as this court may deem appropriate.

    (B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

    (C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A)(ii) and (b)(4)(B) of this rule; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

■ I hold that Dr. Lampiris is an (A) expert, whose facts and opinions are necessarily discoverable, despite Vail's attempts to limit his testimony at trial to facts only. In *Boring v. Keller,* 97 F.D.R. 404, 407 (D.Colo.1983), I noted that "26(b)(4) provides that a party may discover 'facts known and opinions held by experts' so that a party may prepare for cross examination and impeachment of *any* witness. Generally, courts have construed discovery rules liberally". (Emphasis added.)

In the present case, effective cross-examination of Dr. Lampiris' testimony regarding "facts" surrounding the mudslide requires discovery of his "opinion" as to its cause. The reasonableness, consistency and credibility of Dr. Lampiris' "facts" testimony may be effected by his opinions. This is especially the case when the "facts" are based partially on subjective observations and are, therefore, to a degree, tainted by Dr. Lampiris' opinions regarding causation. When Dr. Lampiris observed the facts surrounding the slide, his opinions as to its cause most likely influenced his judgment. The fact/opinion distinction is unclear; any fact testimony impliedly contains opinion testimony. Vail will not be permitted to create the illusion of a distinction between types of testimony in order to frustrate Rephidim's discovery of the "facts and opinions" held by its expert.

■ Moreover, if we assume that Dr. Lampiris is now merely a "fact witness", his opinions are properly discoverable under ordinary discovery practices because those opinions appear reasonably calculated to lead to the discovery of admissible evidence. *See* F.R.Civ.P. 26(b). The protections afforded by 26(b)(4)(B) were never intended to shield a witness from full and fair examination. Rather, the Rule was intended to prevent an advisor from becoming an involuntary witness.

■ The Lampiris report is also necessary for the effective cross-examination and impeachment of another of Vail's expert witnesses. Dr. James Cording is expected to testify for Vail on the cause of the mudslide. There is evidence before me that Dr. Cording, whether purposely or inadvertantly, was given a complete copy of the Lampiris report. In deposition, Dr. Cording acknowledged that he had read the report and relied upon it to arrive at his own conclusion regarding the cause of the mudslide. Vail asserts that Dr. Cording only generally, as opposed to specifically, relied on the Lampiris report and other documents in reaching his conclusions. This "general v. specific" distinction is meaningless. If Dr. Cording has used the Lampiris report at all in formulating his opinions, effective cross-examination of him requires that Rephidim have access to that report.

My compelling discovery of this report is consistent with Magistrate Clifton's ruling below which, though reconsidered largely because of the recent illumination of certain facts, correctly states that:

> If any expert witness that will be called at trial has grounded his opinion *in part* on information provided by Dr. Lampiris, Rephidim is, of course, thereby provided with a different avenue to discover the disputed information.

Magistrate's Discovery Order, October 28, 1985. In *Heitmann v. Concrete Pipe Machinery,* 98 F.R.D. 740 (E.D.Mo.1983), it was held that a report of a non-testifying expert which was prepared in anticipation of litigation, was subject to discovery by plaintiff where the report was needed for effective cross examination of a testifying expert who relied upon the report in reaching his opinion.

■ Even if, as Vail argues, discovery as a matter of right per 26(b)(4)(A) is limited to the facts and opinions to which Lampiris is expected to testify, the report is still discoverable. Rephidim has demonstrated that exceptional circumstances justifying discovery do exist. Rephidim asserts that

> The most obvious "exceptional circumstance" is that Dr. Lampiris was able to inspect the site on May 17, 1984, just one day after the event. By the time that Mr. Mears (another expert) was able to conduct a site investigation 5 days had

elapsed and site conditions had changed considerably, due not only to the unseasonably warm temperatures which had effected the amount of snow melt and sheet runoff but also due to human activities in and around the ditch and the mudslide scarp. Mr. Mears is unable to further refine his general conclusions regarding the relative contribution of water from the ditch, due, in part, to the lack of information regarding the actual site conditions at the time of the slides.

None of the experts who have been endorsed has had an opportunity comparable to Dr. Lampiris' to investigate the site before its condition had been drastically altered. Those site conditions, of course, cannot now be reconstructed and the testifying experts must rely on their post hoc rationalizations as to what those conditions were. It is impracticable for Rephidim to discover information equivalent to the observations, opinion and conclusions of Dr. Lampiris, who, presumably, is specially trained to observe the geotechnical features of the site and whose investigations were conducted before the site conditions were substantially changed.

Plaintiff's Brief on Motion to Reconsider, October 4, 1985. (Paranthetical phrase added.)

Rule 26(b)(4)(B) "has been construed to require as an exceptional circumstance, a basic lack of ability to discover the equivalent information on the part of the party moving for discovery." *Parker v. Carroll,* 20 FR Serv2d 698, 700 (D.D.C.1974). Dr. Lampiris is the only expert to have examined the slide area immediately following the slide and before the relevant terrain had been substantially changed. An expert's opinion based on a summary of another expert's observation of a condition is not equivalent to an expert's opinion based on his own observations.

A number of cases hold that "exceptional circumstances" allowing for discovery of a non-testifying expert's opinion exist where the object or condition observed is not ob-servable by an expert of the party seeking discovery.

*Sanford Construction Co. v. Kaiser Aluminum & Chemical Sales, Inc.,* 45 F.R.D. 465, 466 (E.D.Ky.1968), involved a ruptured aluminum sewer pipe. When the pipe was excavated the plaintiff refused to allow the presence of defendant's experts, despite having experts of its own present. After the excavation was complete and a new pipe installed, blacktop was placed over the area. The defendant moved for discovery of the plaintiff's experts' reports, the material of the pipe removed and all photographs of the site taken at the time of the excavation. The court granted the defendant's discovery request and noted that:

> Because defendants agents were not present at the excavation of the pipe and backfill and conditions have subsequently changed, the information contained in plaintiff's experts' reports cannot be obtained by the defendant's independent investigation.

Though not so severe and not a result of an adversary's activity, the change in condition of the terrain and relevant drainage ditches is, for practical purposes, analogous to the exclusion of experts from the scene and then concealing the site with blacktop. In both cases, circumstances precluded all but one of the party's experts from gaining a first hand observation of the object or condition. Similarly, in *Colden v. R.J Schofield Motors,* 14 F.R.D. 521, 522 (N.D. Ohio 1952), the court granted the defendant's request for production of the plaintiff's expert's statements in noting that: "Due to the disassembly of the automobile involved for the purpose of making the inspection and examination upon which the expert's statements were based, defendant is not now in the position to obtain the information elsewhere."

Rephidim has shown the existence of exceptional circumstances under which it is impracticable for it to obtain information similar to that contained in the Lampiris report.

■ 26(b)(4)(A)(i) requires discovery through interrogatories of the "substance

of the facts and opinions" held by an expert. As well, 26(b)(4)(A)(ii) allows me to order discovery by any other means. Rephidim seeks not only the Lampiris report, but also the deposition of Dr. Lampiris unfetttered by any restrictions in scope. I decline to grant Rephidim's request as to the deposition. The primary reasons for affording discovery such as is sought is to 1) afford the discovering party effective cross-examination of an adversary's expert witness who is relying on the information sought to be discovered in forming his opinions, and 2) to give the discoverer information otherwise unobtainable. These objectives are sufficiently satisfied by the production of the report.