Derwood MANN, Plaintiff,

v.

NEWPORT TANKERS CORP. and Offshore Services, Inc., Defendants and Third-Party Plaintiffs,

v.

TECHNO MARINE SUPPLY, INC., Third-Party Defendant and Fourth-Party Plaintiff,

v.

WORLD WIDE BOILER WORKS, INC., Fourth-Party Defendant.

No. 80 Civ. 1304 (RO).

United States District Court, S.D. New York.

Oct. 28, 1982.

Joel C. Glanstein, Eleanor E. Glanstein, Rockville Centre, N.Y., for plaintiff.

Steven Thaler, New York City, for Newport Tankers etc.

Pappas & Pappas, New York City, for Techno Marine Supply, Inc.

David Weicholz, Brooklyn, N.Y., for World Wide Boiler Works, Inc.

## MEMORANDUM

OWEN, District Judge.

The various determinations of Magistrate Tyler herein are hereby made into an order of this court.

**32**

## ORDER

JOEL J. TYLER, United States Magistrate.

By order dated September 8, 1982, Judge Richard Owen, to whom this case is assigned, referred Defendants and Third-Party Plaintiffs' ("defendants") motion, filed August 16, 1982, pursuant to Rule 37(b)(2), Fed.R.Civ.P., to the undersigned to hear and determine. The motion, among other relief requested, seeks to preclude plaintiff from using experts as trial witnesses and includes a request for "such other and further relief as to this court may seem just and proper." In light of the nature of the motion and the panoply of requests therein contained, we deem and treat the motion also as one to compel under Rule 37(a) and for failure to properly respond to interrogatories under Rule 37(d), Fed.R.Civ.P.

## DECISION

The motion is granted to the extent herein indicated.

## DISCUSSION

Discovery had been ordered completed by Judge Owen by September 13, 1982 at a conference before him on April 2, 1982, and apparently plaintiff served his unsworn supplemental answers to interrogatories within two weeks of such cut-off date and after subject motion was filed, all of which plaintiff does not contravert.

*Interrogatories 4 and 5.* The last sentence in each response is stricken. It was plaintiff's clear duty to state his present knowledge as to unseaworthiness, and if he had none at the time to clearly say so, which he failed to do, and thus his response was inappropriate and improper. He is also obligated to supplement his answers when further knowledge is secured, which he apparently has done, belatedly, in his supplemental answer, to which he is now committed. It is noted that plaintiff's supplemental answers are dated and filed September 1, 1982, and not served until then or later and only two weeks before the discovery cut-off date. We also note that although

defendants' interrogatories were served on or about September 15, 1980, plaintiff's responses thereto were not served until June 5, 1981, there being no objection thereto (Affidavit in Support of Bernard J. Vaughan, Esq. sworn August 13, 1982, at 2), and there was no court approval for such inordinately late compliance. We deem such conduct inexcusable.

It is also perfectly clear that in plaintiff's supplemental answer to Interrogatory 4 he cites acts of negligence absent from his original answers, and such new, specific allegations were given long after plaintiff's deposition in October, 1980. Accordingly, defendants were not and could not depose plaintiff relative to such new revelations. Apparently, plaintiff's maritime expert, William F. Zornes, made his inspections and determinations, which led to the new claims of negligence, some time before October 1981, when he inspected the vessel, and could and should have furnished his written report long before August 26, 1982 (almost on the eve of discovery cut-off); it was plaintiff's and his counsel's obligation to assure that the expert did so.

*Interrogatory 14.* We assume that the injuries and physical conditions described in plaintiff's belated supplemental answer describes permanent injuries, as required. Accordingly, it is sufficiently answered, as supplemented.

*Interrogatories 31, 32, 33 and 34,* dealing with plaintiff's experts. Plaintiff's answers as originally given, were improper, except for answer to interrogatory 31 indicating that the identity of experts were then unknown. The supplemental answers are also deficient in material respects. Those interrogatories were propounded under the authority of Rule 26(b)(4) and the answers fail to furnish data required by that Rule and as required by the interrogatories.

The address of Dr. Golub given as "New York, New York" is surely not sufficient. If experts are expected to testify at trial strict compliance with Rule 26(b)(4)(A)(i) is required, and as was expected by defendants by the language of its interrogatories. For example, we find nothing in Mr.

Zornes' report (attached to supporting affidavit of Eleanor Glanstein, Esq., sworn September 1, 1982) or in the interrogatory's answer of the "summary of the grounds of each opinion," although he cites an opinion that plaintiff was injured by a Mr. Harper, a wiper who struck plaintiff's little finger of his right hand while improperly swinging a mall or sledge. Where are the "grounds" for that "opinion"? Further, what is Mr. Zornes' meaning that the repairs are inconsistent "with customary and safe shipboard practice," a meaningless term unless fully explained, and it must be explained if it is to be considered and is being seriously pressed.

Further, and even at this late date, there is no report from Dr. Benjamin Golub, plaintiff's contemplated medical expert. Counsel's excuses for such failure are unacceptable.

I have discussed the matter of the discovery cut-off date with Judge Owen, who has agreed to permit a reasonable extension as the Magistrate in his discretion may direct. Accordingly, the further discovery herein directed shall be completed on or before November 22, 1982.

(1) Defendants may, if they so desire, further depose plaintiff at their counsels' offices in New York, and plaintiff shall make himself there available on a date to be agreed upon by counsel and prior to the new discovery cut-off date to be deposed relative to and restricted to the new claims of negligence and other matters he newly raised in his supplemental response to interrogatories 4, 5, 14 and 32(a), unless he wishes to withdraw the same. If such further deposition is desired the date therefore shall be agreed upon by October 25, 1982, and if not agreed upon, the undersigned shall set a date certain upon advice that counsel has failed to agree and such advice shall be given in writing to the Magistrate on or before October 25, 1982. If plaintiff wishes to have the deposition conducted in Florida, he shall prepay to defendants' counsel traveling expenses by airplane, to and from the airport closest to his residence and taxi cab fare from and to the airport,

but shall not be responsible for attorneys' fees of such counsel.

(2) Interrogatories 31, 32, 33 and 34 shall be more fully answered on or before November 9, 1982 in strict accordance to Rule 26(b)(4)(A)(i) and as indicated in this order. Further, expert reports that were not heretofore produced by plaintiff, including all medical expert reports, shall be produced to defendants at least five (5) days prior to trial, and if not so produced, plaintiff shall be precluded from using such medical reports at trial.

(3) Upon production by plaintiff of medical experts reports as hereinabove directed in paragraph "2", the plaintiff shall submit himself at least two days prior to trial for physical examination by a physician to be selected by all parties defendants, jointly, or by any one party defendant if agreed to by the other parties defendant. This direction need not be complied with if plaintiff has already been so examined subsequent to the filing of his supplemental answers to defendants' interrogatories.

(4) Defendants may depose plaintiff's maritime expert, William F. Zornes, in the municipality of his business on or before November 22, 1982 and plaintiff shall fully cooperate to help arrange for such deposition, with all expenses and attorneys' fees to be borne, separately, by the respective parties, that is, neither party shall be responsible for expense or attorneys' fees of the other party. Defendants shall pay Mr. Zornes a reasonable fee, not to exceed $125.00 per day or part thereof if deposition does not extend a full day. "A full day" shall mean from 10:30 A.M. to 6:00 P.M.

When expert reports are produced to one party they shall be produced at the same time to all parties.

Answers to interrogatories are to comply with the dictates of Rule 33(a), Fed. R.Civ.P.

(7) The plaintiff's failure to timely and appropriately respond to defendants' interrogatories, or timely object, despite a more than adequate period of time afforded

him to do so has made this motion necessary and has unduly burdened defendants and this much burdened court without substantial justification. Accordingly, and as "such other and further relief" requested by defendants, movants are granted reasonable expenses, including attorneys' fees not to exceed $350.00 pursuant to Rule 37(a)(4). Counsel for movants shall serve and file their affidavit of services within five (5) days of the date of this order. If plaintiff desires a hearing and has not expressly waived the same in writing directed to the undersigned and movant within three (3) days of service of the aforesaid affidavit of services, he may serve and file an opposing affidavit within said three (3) day period and upon such receipt a hearing will be scheduled, limited to the matter of the amount of such expenses to which movant is entitled. If plaintiff waives the hearing in the manner herein directed, the plaintiff's counsel, without charging plaintiff, shall pay by check to the order of movant's counsel within five (5) days of the date of the written waiver the sum of $350.00 or such lesser amount as may be stated in defendants' counsels' submitted affidavit of services as expenses incurred, including attorneys' fees.

Plaintiff is respectfully admonished that if full answers to interrogatories are not forthcoming, as directed, or if this order is otherwise violated, most serious sanctions may be imposed, including possible dismissal of this action.

SO ORDERED.