AMERICAN STEEL PRODUCTS CORPORATION, Plaintiff,

v.

The PENN CENTRAL CORPORATION, Marathon Manufacturing Companies, Inc. and Marathon Steel Company, Defendants.

MARATHON MANUFACTURING COMPANIES, INC., Counterclaim-Plaintiff,

v.

AMERICAN STEEL PRODUCTS CORPORATION, The Lutin Central Services Company, Incorporated and the Corporate Director Incorporated, Counterclaim-Defendants.

No. 84 Civ. 8800 (LFM).

United States District Court, S.D. New York.

April 25, 1986.

venture forth along the Rule 24 route, that question is best left for another day. Accordingly,

Donovan Leisure Newton & Irvine by Kenneth N. Hart, New York City, for The Penn Cent. Corp., Marathon Mfg. Companies, Inc. and Marathon Steel Co.

Alexander & Green by Craig M. Walker, New York City, for American Steel Prod-

the court expresses no opinion thereon.

ucts Corp., The Lutin Cent. Services Co., Inc. and The Corporate Director Inc.

MacMAHON, Senior District Judge.

Defendants, The Penn Central Corporation, Marathon Manufacturing Companies, Inc. and Marathon Steel Company, move for an order, pursuant to Rule 26(b)(4)(A)(ii), Fed.R.Civ.P., directing plaintiff to (1) produce its previously identified accounting expert, Mr. Vincent D'Angelo, for deposition upon oral questions, and (2) produce certain documents and reports relied upon or prepared by plaintiff's expert in anticipation of this litigation.

Rule 26(b)(4) governs expert discovery. Subsection (b)(4)(A)(i) permits a party to obtain through interrogatories the following information regarding his adversary's expert who is expected to be called as a witness at trial: (1) the identity of the expert; (2) the subject matter of the expert's expected testimony; and (3) "the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Rule 26(b)(4)(A)(i). It is undisputed that plaintiff has already fully responded to defendants' interrogatories requesting this information.

Further discovery of an adversary's expert who is expected to be called as a witness at trial may be obtained only by order of the court, pursuant to Rule 26(b)(4)(A)(ii), which provides:

Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

Plaintiff contends that further discovery of its accounting expert should not be granted absent a showing of "compelling need" or "exceptional circumstances" requiring it.[1] Nevertheless, recent district court cases have taken a more liberal approach to expert discovery and have ordered additional expert discovery without any prior showing of "compelling need" or "exceptional circumstances."[2] The rationale of these cases in granting further expert discovery rests on affording a party a greater opportunity to prepare for effective cross-examination.[3]

Moreover, Rule 26 provides protection against a party's abuse of expert discovery. Rule 26(b)(4)(C)(i) states: "the court *shall* require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivision[ ] (b)(4)(A)(ii) ..." (emphasis added). The court, in its discretion, may also require the party seeking discovery "to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert." Rule 26(b)(4)(C)(ii).

We find persuasive the more liberal approach to expert discovery. Further expert discovery will undoubtedly permit more effective and pointed cross-examination at trial; the imposition of fees and

---

1. *See Breedlove v. Beech Aircraft Corp.,* 57 F.R.D. 202, 205 (N.D.Miss.1972); *United States v. 145.31 Acres of Land,* 54 F.R.D. 359, 360 (M.D.Pa.1972); *Wilson v. Resnick,* 51 F.R.D. 510, 511 (E.D.Pa.1970).

2. *See Mann v. Newport Tankers Corp.,* 96 F.R.D. 31, 33 (S.D.N.Y.1982) (Owen, J.); *Carter-Wallace, Inc. v. Hartz Mountain Indus.,* 553 F.Supp. 45, 52 (S.D.N.Y.1982); *In re IBM Peripheral EDP Devices Antitrust Litigation,* 77 F.R.D. 39, 41 (N.D.Cal.1977); *Quadrini v. Sikorsky Aircraft Division,* 74 F.R.D. 594, 595 (D.Conn.1977); *Herbst v. International Telephone & Telegraph Corp.,* 65 F.R.D. 528, 530–31 (D.Conn.1975).

3. *See, e.g., Carter-Wallace, Inc., supra,* 553 F.Supp. at 52; *In re IBM Peripheral EDP Devices Antitrust Litigation, supra,* 77 F.R.D. at 41; *Quadrini, supra,* 74 F.R.D. at 595. *See also Henlopen Hotel Corp. v. Aetna Ins. Co.,* 33 F.R.D. 306, 308 (D.Del.1963) ("pretrial examination may reveal such major defects in the reasoning and conclusion of the experts of one side or the other as to lead to settlement or, at the very least, enable counsel to prepare a searching and informative cross-examination for the purpose of laying bare the relative abilities of the various experts so that a jury of laymen can best weigh and assess the value of their testimony").

expenses on the party seeking further discovery provides adequate assurance that the discovery process will not be abused.

Defendants have also requested that plaintiff cause its accounting expert to produce various documents at or before his deposition. The document request, set forth in four paragraphs at Exhibit A to defendants' moving papers, essentially seeks production of all documents relied upon by the expert in forming his opinions and any preliminary and final reports that have already been prepared respecting the subject matter of this action.

■ We note that although Rule 26(b)(4)(A)(ii) is normally used to obtain an expert's deposition, courts that have considered the issue have found no reason to refuse to apply the rule to a request for documents from an adversary's expert.[4]

Accordingly, defendants' motion to compel (1) the deposition upon oral questions of plaintiff's accounting expert, Mr. Vincent D'Angelo, within ten (10) days from the date of this decision, and (2) the production of certain documents and records identified at Exhibit A of defendants' motion papers, at or before Mr. D'Angelo's deposition, is granted in all respects. Defendants shall pay plaintiff's accounting expert a reasonable fee for his time spent in giving and in preparing for his deposition. Rule 26(b)(4)(C)(i), Fed.R.Civ.P. Defendants shall also pay a share of the fees and expenses, if any, incurred by plaintiff in obtaining Mr. D'Angelo's expert opinion. Rule 26(b)(4)(C)(ii), Fed.R.Civ.P. If the parties are unable to agree upon an allocation of these fees and expenses, the issue shall be submitted to the court upon affidavits within twenty (20) days following the deposition.

So ordered.

---

**4.** *See Quadrini, supra,* 74 F.R.D. at 595 (granting a similar document request). *See also Carter-Wallace, Inc., supra,* 553 F.Supp. at 52; *Mann, supra,* 96 F.R.D. at 33; *In re IBM Peripheral EDP Devices Antitrust Litigation, supra,* 77 F.R.D. at 41 (agreeing with propriety of expert document

request, but denying actual request as overbroad); *United States v. International Business Machines Corp.,* 72 F.R.D. 78, 81–82 (S.D.N.Y. 1976) (granting request for documents relied upon by experts in forming their opinions and conclusions).