DAVID TUNICK, INC., Plaintiff,

v.

E.W. KORNFELD and Galerie Kornfeld Und Cie, Defendants,

v.

David TUNICK, Counterclaim Defendant.

No. 91 Civ. 7027 (DNE).

United States District Court,
S.D. New York.

Nov. 2, 1993.

Walter, Conston, Alexander & Green, P.C., New York City (William M. Barron, Pedro Morales, of counsel), for plaintiff.

Kantor, Davidoff, Wolfe, Rabbino & Kass, P.C., New York City (Matthew C. Kesten, of counsel), for defendants.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

This action arises from Mr. E.W. Kornfeld's and Galerie Kornfeld und Cie's ("defendants") sale of a signed Picasso print to plaintiff, David Tunick, Inc. ("Tunick" or "plaintiff"). Plaintiff alleges that defendants sold Tunick a print of Le Minotourmachie (the "Print") which defendants represented was signed by Pablo Picasso but which, in fact, bears a forged signature. Defendants have filed various counterclaims against David Tunick. Defendants deny that the signature on the Print is forged and contend that plaintiff, David Tunick, Inc., and counterclaim defendant, David Tunick, manufactured their claims against defendants because Tunick's dire financial situation prevented it from paying defendants for the Print. Plaintiff now moves, pursuant to Federal Rule of Civil Procedure ("Rule") 26(b)(4)(A), for an order (1) directing defendant to produce two of their expert witnesses who are expected to testify at trial, Brigitte Baer and Maya Picasso Widmaier, for deposition upon oral questions, and (2) permitting document discovery of Brigitte Baer, Maya Picasso Widmaier and a third proposed expert, Heinz Berggruen, who previously was deposed by plaintiff.

Federal Rule of Civil Procedure 26(b)(4)(A) provides for discovery of facts known and opinions held by expert witnesses expected to be called at trial. Rule 26(b)(4)(A) provides a two-step process for the examination of expert witnesses. First, a party seeking discovery of an expert witness may submit to his or her adversary interrogatories seeking: (1) the identity of the expert; (2) the subject matter of the expert's expected testimony; (3) the substance of the facts and opinions to which the expert is expected to testify; and (4) a summary of the grounds for the expert's opinion. Fed. R.Civ.P. 26(b)(4)(A)(i). It is undisputed that plaintiff complied with Rule 26(b)(4)(A)(i). Once these interrogatories are answered, the party seeking discovery may move for further discovery of the expert witnesses. Fed. R.Civ.P. 26(b)(4)(A)(ii).

Whether to permit additional discovery pursuant to Rule 26(b)(4)(A)(ii) is within the sound discretion of the court. See, e.g., Langley v. Coughlin, No. 84 Civ. 5431 (LBS), 1989 WL 436675, at *1, 1989 U.S. Dist. LEXIS 6782, slip op., at *3 (S.D.N.Y. June 19, 1989); County of Suffolk v. Long Island Lighting Co., 122 F.R.D. 120, 124 (E.D.N.Y.1988). In determining whether to allow further discovery pursuant to Rule 26(b)(4)(A)(ii), courts should consider, inter alia, whether the additional discovery requested would materially assist the moving party in cross-examining adverse expert witnesses at trial, the extent of previous discovery on the same or similar issues, and the extent to which the requested discovery would allow the moving party to free-ride on his adversary's trial preparation. To the extent that the deposition of expert witnesses would facilitate cross-examination of those witnesses at trial, courts in this Circuit permit the deposition of expert witnesses. See Shu–Tao Lin v. McDonnell Douglas Corp., 742 F.2d 45, 48 n. 3 (2d Cir.1984); American Steel Prods. Corp. v. Penn Cent. Corp., 110 F.R.D. 151, 152–53 (S.D.N.Y.1986).

While oral examination is liberally permitted, the scope of the examination generally is limited to information designed to facilitate cross-examination. In addition, in order to prevent abuse of this type of discovery, the party seeking to examine an expert may be required to reimburse the party that retained that expert for a portion of the fee paid to the expert, as well as costs incurred by the expert in attending the deposition. See American Steel Prods., 110 F.R.D. at

152–53; *see also* 4 *Moore's Federal Practice* ¶ 26.66[3], at 26–343; 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2031, at 253–54.

■ Plaintiff's request to depose Brigitte Baer and Maya Picasso Widmaier is both reasonable and calculated to facilitate cross-examination of those expert witnesses. It appears that Ms. Baer and Ms. Widmaier will testify that the signature on the Print is authentic, a central issue in this litigation. Accordingly, plaintiff may orally depose Ms. Baer and Ms. Widmaier. Defendants shall produce Ms. Baer and Ms. Widmaier within fourteen (14) days of the date that this Memorandum & Order is filed.

The scope of this examination shall be limited, however. Plaintiff may only elicit information concerning: (1) the expert witnesses' qualifications to render an opinion as to the authenticity of the signature on the Print; (2) each expert's opinion regarding whether or not the signature on the Print is authentic; and (3) a description of how each arrived at her conclusion as to whether the signature is authentic. With regard to this third area, plaintiff may elicit from each expert being deposed a list of any documents or other material containing a Picasso signature that was examined and/or compared to the signature on the Print in order to determine whether the signature on the Print is genuine.

■ Plaintiff's request for document production is, with one exception, not reasonably calculated to facilitate cross-examination of the expert witnesses and is therefore denied. Rather than an attempt to bolster plaintiff's ability to cross-examine Ms. Widmaier, Ms. Baer, or Mr. Berggruen (the "Experts"), plaintiff's document request appears to be an effort to obtain third-party discovery of foreign residents under the guise of Rule 26(b)(4)(A)(ii). Indeed, a reply declaration submitted by plaintiff's attorney, William M. Barron, tends to support this view. *See Reply Declaration of William M. Barron,* dated September 23, 1993, at 2.

The one exception to this denial of plaintiff's document request is that plaintiff is entitled to production of any non-public docu-ments, correspondence, or other written material that the Experts relied upon in formulating their opinion as to the authenticity of the signature on the Print. Production of this material will enable plaintiff adequately to cross-examine the Experts regarding the basis of their proffered testimony. Furthermore, production of this material will provide plaintiff an opportunity for its own expert witnesses to rebut the Experts' testimony, if appropriate.

In summary, then, plaintiff's motion, pursuant to Rule 26(b)(4)(A)(ii), for an order compelling document production by the Experts is granted in part and denied in part. Defendants shall produce to plaintiff any non-public documents, correspondence, or other written material that the Experts relied upon in formulating their opinion as to the authenticity of the signature on the Print. In all other respects, plaintiff's request for the production of documents is denied. Defendants shall produce the above-described material to plaintiff within fourteen (14) days of the date that this Memorandum & Order is filed, or, in the case of material examined by Ms. Baer and Ms. Widmaier, two (2) days prior to scheduled depositions, whichever is sooner.

Rule 26 provides protection against a party's abuse of expert discovery. *See American Steel Prods. Corp.,* 110 F.R.D. at 152. Rule 26(b)(4)(C)(i) provides that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivision[ ] (b)(4)(A)(ii)." In addition, Rule 26(b)(4)(C)(ii) provides that the court may require the party seeking discovery to pay its adversary "a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert." Accordingly, plaintiff shall pay, either directly to the Experts or to defendants for disbursement to the Experts, a sum equal to (1) the costs incurred by the Experts in attending their deposition and in making the document production required by this Order plus (2) the hourly fee, if any, that the Experts are charging defendants for time spent (i) in deposition or traveling thereto

and (ii) producing the documents required by this Order.

SO ORDERED.