**Sharon SMITH, Plaintiff,**

v.

**The CONWAY ORGANIZATION, INC., Defendant.**

**No. 92 Civ. 7329 (RWS).**

United States District Court, S.D. New York.

April 1, 1994.

Dienst & Serrins, New York City, for plaintiff (Alan Serrins, of counsel).

Reid & Priest, New York City, for defendant (Adin C. Goldberg, of counsel).

## OPINION

SWEET, District Judge.

Defendant The Conway Organization Inc. ("Conway") has moved, pursuant to Rule 37, Fed.R.Civ.P., for an order directing plaintiff Sharon Smith ("Smith") to produce copies of all notes taken by Smith's counsel of any conversations or meetings at which Kevin Larkin ("Larkin") was present; to provide a detailed summary of all of Smith's counsel's contacts with Larkin, which summary would include the date and place of each contact, the substance of all information told to Smith's counsel by Larkin, and the initiator of each contact; and to return all copies of all privileged memoranda provided by Larkin to Smith or her counsel, along with an affidavit by Smith and Smith's counsel that all copies have been returned.[1] For the following rea-

---

1. Conway's motion originally requested Smith to provide executed copies of responses to certain interrogatories and requests for the production of documents. By letter of February 17, 1994, Smith's counsel informed the Court that such executed copies had been supplied to the defendant, thereby eliminating the need to address this request.

Also, Conway asked that Smith be directed to "produce copies of all documents in Plaintiff's or Plaintiff's counsel's possession which reflect any

information solicited or provided to Plaintiff or Plaintiff's counsel by Mr. Larkin or any other individual during the time said individual was employed by Conway."

In his affidavit in opposition to this motion, Serrins states that "[t]here are no documents in my possession that have not been disclosed to defendant ... [a]t no time have I sought to hide, obscure or selectively transmit any document pursuant to defendant's requests." (Serrins Aff. ¶ 13.) In its reply memorandum, Conway states

sons, this motion is granted in part and denied in part.

### Parties

Smith is a citizen of the United States, and a resident of the City, County, and State of New York. Conway is a New York corporation engaged in the retail business with its corporate headquarters located in New York City.

### Facts

Smith commenced this action in October 1992, alleging racial discrimination on the part of Conway in violation of Title VII of the Civil Rights Act of 1964. Smith claims that her application for a position as a receptionist with Conway was rejected because she is an African–American and that the refusal to hire her was in furtherance of a company-wide policy of discrimination.

Larkin, who at the time of the incidents in question was a Conway employee, allegedly subsequently informed Smith that her race was a factor in her not being hired by Conway and accompanied Smith to the Equal Employment Opportunity Commission ("EEOC") and provided a statement in support of her claims.

Upon receipt of Smith's charge of discrimination, Conway designated Larkin as the employee in charge of working with Conway's in-house attorney to prepare a response. In the course of these responsibilities, Conway alleges that Larkin prepared two memoranda (the "Memoranda") for Conway's in-house attorney in connection with its internal investigation. (Feingold Aff. Exh. C, at 99–102.)

In February or March of 1992, Alan Serrins ("Serrins"), who is Smith's attorney, telephoned Larkin. Serrins asserts that, in this telephone call, he informed Larkins that he was unable to speak with him while he was employed by Conway. (Serrins Aff. ¶ 10.) On April 10, 1992, Conway fired Larkin for reasons unrelated to the present matter. Larkin has testified that he met with Serrins after having been fired by Conway. (Feingold Aff. Exh. F. at 6–9.) Serrins took handwritten notes at this meeting. (Serrins Aff. ¶ 11.) Larkins testified that he conversed again with Serrins on January 20, 1993, January 21, 1993, and in June 1993. (Feingold Aff. Exhs. E & F).

On July 9, 1993, Conway served its Second Request for Production of Documents (the "Document Requests," Feingold Aff. Exh. G) and its third set of interrogatories (the "Interrogatories," Feingold Aff. Exh. H), which, *inter alia*, sought discovery of certain of the items that are the subject of the present motion. On September 8, 1993, Conway's attorney wrote to Serrins that he had not received any response to these requests, and warned that, if the responses were not received immediately, Conway would file a motion to compel discovery. (Def.'s Rep. Mem. Exh. 1.) On November 2, 1993, Conway's attorney again wrote to Serrins, insisting that the responses should be provided no later than November 8, 1993.

On December 6, 1993, Conway received responses to its discovery requests (the "Responses"). Conway's fifth Document Request was for "[a]ttorney notes and notes made by employees of your attorneys from all meetings at which Kevin Larkin met with your attorneys or employees of your attorneys." Smith stated that she "objects to this request insofar as it calls for privileged and confidential information pertaining to attorney-work product. Such documents include the mental impressions, conclusions, or legal theories of Plaintiff's attorneys."

The Responses were not signed. By letter of February 17, 1994 Smith's attorneys informed the Court that executed copies of their responses to Conway's Document Requests and Interrogatories had been supplied to Conway.

### Prior Proceedings

The complaint in this action was filed on October 8, 1992. On November 4, 1993, this Court denied a motion for joint trial of this case with 93 Civ. 5364. Argument was heard on the present motion on February 16, 1994.

---

that it "accepts Mr. Serrins' sworn representation that he has no other documents not already produced." (Conway Rep. Mem. at 6.) In stating its requested relief in its Reply Memorandum, Conway omits this document request. (Conway Rep. Mem. at 2–3.) It appears, therefore, that this request is moot.

Further submissions were received from the parties until February 17, 1994, and the motion was considered fully submitted as of that date.

### Discussion

### Attorneys' Notes from Meetings with Larkin

Rule 34(b), Fed.R.Civ.P., provides that "[t]he party upon whom [a request for the production of documents] is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties...."

Rule 46(e)(1) of the Joint Rules for Civil Proceedings for the Southern and Eastern Districts of New York ("Local Rule 46(e)(1)") provides that "[w]here an objection is made to any ... document request under Fed. R.Civ.P. 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived."

■ Local Rule 46(e)(1) is faithfully observed in this Court. *See Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 489 (S.D.N.Y. 1993) (failure to assert work-product protection on timely basis results in waiver of protection under Local Rule 46(e)(1)); *Dena Bank v. Manufacturers Hanover Trust Co.*, 1990 WL 155591, at *1-2, 1990 U.S.Dist. LEXIS 13300, at *4 (S.D.N.Y. Oct. 9, 1990) (failure to object to lack of particularity in document request in timely manner waives objection under Local Rule 46(e)(1)); *In re Application of Sumar*, 123 F.R.D. 467, 471-72 (S.D.N.Y.1988) (failure to timely object to subpoena constitutes waiver of objections to subpoena under Local Rule 46(e)(1)); *Richards v. Stephens*, 118 F.R.D. 338, 339 n. 1 (S.D.N.Y.1988) (failure to object to production of tax returns in response to discovery requests waives objections to those requests under Local Rule 46(e)(1)).

The Document Requests were served on July 9, 1993. Smith's initial, unsigned response to the Document Requests was made on December 6, 1993, well beyond the thirty day limit. Both parties agree that no written extension of the time for Smith to respond to the Document Requests was issued by this Court or was stipulated to among the parties.

■ Serrins asserts that the nearly four-month delay in responding to the Document Requests was pursuant to an oral agreement between the parties. (Pl.'s Mem. at 9–10.) Such an oral agreement would not comport with the Federal Rules, which require stipulated extensions of response times to be in writing. Serrins' assertions are also incongruent with Conway's September 8, 1993, and November 2, 1993 letters, demanding responses on pain of a motion to compel.

Smith also asserts that the manner of disclosure of these notes was "in dispute," because her counsel had suggested producing the documents *in camera*, and that this should somehow temper the application of Local Rule 46(e)(1). Smith objected to the Document Request in her December 6 Response. The letter in which her attorney suggests producing the documents *in camera* is dated December 20, 1993. Clearly, Smith's response to Conway's discovery requests was not held in abeyance until the question of *in camera* review could be resolved, and thus she has not excused her failure to respond in a timely manner.

As Smith failed timely to object to the Document Requests, she and her attorneys have waived the protection of the attorney work-product rule. The Defendants's motion to compel discovery of Smith's attorney's notes and notes made by employees of Smith's attorney relating to all meetings at which Smith's attorney or his employees met with Larkin is granted.

### Summary of Smith's Counsel's Contacts with Larkin

Conway has requested the Court to direct Smith to "provide a detailed summary of all of Plaintiff's counsel's contacts with Mr. Larkin, which summary shall include the date and place of each contact, (ii) the substance of all information told to Plaintiff's counsel by Mr. Larkin, and (iii) the initiator of each contact."

The second of the Interrogatories submitted to Smith requests that she "[s]tate the

exact date and place of each meeting between Kevin Larkin and Smith's attorneys and/or agents or employees of her attorneys," to which Smith responded that Larkin had met with her attorneys on April 14, 1992, January 22, 1993, and June 23, 1993, and gave the location of each meeting.

Interrogatory 9 requested that "[f]or each meeting between Mr. Larkin and Ms. Smith and/or her attorney and/or employees or agents of Ms. Smith's attorneys, identify . . . all information provided to you by Mr. Larkin," to which Smith answered that "[t]he only information provided to Ms. Smith or her attorneys, agents and/or employees are those documents described in interrogatory number 4(ii)." The referenced Interrogatory states that "Mr. Larkin provided Plaintiff's attorneys with resumes of candidates on April 14, 1992."

In its memorandum in support of this motion, Conway asserts that at his January 22, 1993 deposition, Larkin testified that he had had five conversations with Serrins. Larkin confirmed the April 1992 and January 1993 meetings referred to in Smith's Responses. In addition, Larkins testified regarding a conversation in February or March of 1992, and a conversation in June of 1993.

The seeming discrepancy between Smith's Responses and Larkin's testimony is explained, as all parties admit, by the fact that the Interrogatories referred to "meetings," while Larkin's testimony was with regard to "conversations." Serrins interpreted "meeting" as a face-to-face encounter. (Serrins Aff. Exh. B.) After acknowledging the source of the confusion, Conway's attorney requested that Smith amend her answers, with the understanding that "meeting" for purposes of the Interrogatories include telephone conversations. (Feingold Aff. Exh. L).

Smith has responded with regard to the meetings in April of 1992 and January of 1993. As requested on the present motion, her responses identify the date and place of each meeting and all information provided by Larkin in each meeting. They do not provide information on who initiated the meetings, presumably because this information was not requested. Now having been asked, Serrins has stated that he telephoned Larkins in February or March of 1992. (Serrins Aff. ¶ 10).

■ Rule 26(e)(2), Fed.R.Civ.P., provides that "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect." *See also Mann v. Newport Tankers Corp.,* 96 F.R.D. 31, 32 (S.D.N.Y.1982).

Smith has been informed that her responses to the Interrogatories may be incomplete, and she is directed to supplement her Responses to the Interrogatories, with the understanding that "meeting," for purposes of answering the Interrogatories, includes telephone conversations. In addition, Smith is directed to indicate who initiated each contact between herself or her attorney and Larkin.

### Copies of the Memoranda

Conway has requested the return of all copies of the Memoranda prepared by Larkin, together with an affidavit by Smith and her attorney that all copies have been returned because, they claim, the Memoranda are "clearly protected by both the attorney-client and work-product privileges." (Smith Rep. Mem. at 6.)

■ If the Memoranda are privileged and if they were improperly disclosed, the remedy sought by Conway may well be the proper one. *Cf. Strategem Dev. Corp. v. Heron Int'l N.W.,* 1991 WL 274328, 1991 U.S.Dist. LEXIS 17691 (S.D.N.Y. Dec. 6, 1991) (when privileged documents inadvertently disclosed, remedy is return of documents to party asserting privilege). However, the party asserting either the attorney-client privilege or the work-product rule bears the burden of showing its applicability. *Hydraflow, Inc. v. Enidine, Inc.,* 145 F.R.D. 626, 634 (W.D.N.Y. 1993) (attorney-client privilege); *Meranus v. Gangel,* 1991 WL 120484, at *4, 1991 U.S. Dist. LEXIS 8731, at *11 (S.D.N.Y. June 26, 1991) (same); *Redvanly v. NYNEX Corp.,* 152 F.R.D. 460, 465 (S.D.N.Y.1993) (work-product rule).

Conway offers little in support of its contention that the Memoranda are privileged

other than the assertion that this is so, and a statement that the Memoranda "contain discussions relating to Conway's strategy in responding to Ms. Smith's charge of discrimination." (Conway Rep. Mem. at 6).

■ Documents which merely communicate information obtained from independent sources are not protected by the attorney-client privilege. *Standard Chartered Bank PLC v. Ayala Int'l Holdings (U.S.) Inc.*, 111 F.R.D. 76, 80 (S.D.N.Y.1986). Also, "if a party or its attorney 'prepares a document in the ordinary course of business, it will not be protected, even if the party is aware that the document may also be useful in the event of litigation.'" *Redvanly*, 152 F.R.D. at 465 (quoting *Martin v. Valley Nat'l Bank*, 140 F.R.D. 291, 304 (S.D.N.Y.1991).

■ The first Memorandum is a collection of documents "culled from the EEO logs, which lists each candidate who interviewed for the position of receptionist" together with various statistical renderings of this information. The second Memorandum is a revision of the first Memorandum.

Conway's present submissions are insufficient to establish that the Memoranda are protected by the attorney-client privilege, because it is unclear whether they merely communicate information derived from independent sources. In addition, it is unclear from the present record whether the Memoranda are merely a compilation of documents that were prepared in the ordinary course of Conway's business. Conway's request for the return of all copies of the Memoranda is denied without prejudice to their renewing this motion as further information becomes available.

### Costs and Attorneys' Fees

■ Conway has requested that the Court require Smith and her counsel to pay the costs and attorneys' fees that it has incurred in bringing this motion. Rule 37(a)(4)(C) provides that "[i]f [a motion to compel discovery] is granted in part and denied in part, the court may ... apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." When a motion to compel discovery is granted, courts should not grant costs or attorneys' fees if the objections to discov-

ery were "substantially justified." Fed. R.Civ.P. 37(a)(4)(A). District judges have "broad discretion" in imposing sanctions under this rule. *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir.1987).

As the present motion was granted in part and denied in part, and as the objections raised to discovery in this case were substantially justified, no fees or costs shall be granted to either party.

### Conclusion

For the reasons stated above, Conway's motion to compel discovery is granted in part and denied in part. Conway's motion for costs and attorneys' fees is denied.

It is so ordered.